OPINION
{¶ 1} This is an appeal of sentences imposed by the Common Pleas Court of Licking County after Appellant was convicted of twenty-seven counts of rape, thirty-five counts of gross sexual imposition, eight counts of unlawful sexual conduct with a minor with a special finding that Appellant was more than ten years older than the other person, fourteen counts of pandering sexually oriented material involving a minor, three counts of illegal use of a minor in nudity-oriented material or performances, and one count of corruption of a minor.
{¶ 2} This Court had on a previous appeal affirmed such convictions but remanded for resentencing.
{¶ 3} The following Assignment of Error is:
 ASSIGNMENT OF ERROR
{¶ 4} "I. The trial court erred in imposing non-minimum, consecutive sentences on appellant where the facts necessary to impose such a sentence had neither been proven to a jury nor admitted by appellant, thereby depriving appellant of his right to a jury trial and due process of law as guaranteed by the sixth
and fourteenth amendments to the united states constitution and comparable provisions of the ohio constitution.
 I.
{¶ 5} In his Assignment of Error, Appellant contends the trial court erred in sentencing him to the maximum prison term based upon facts not found by the jury or admitted by Appellant, in contravention of Blakely v. Washington (2004), 542 U.S. ___, 159, L.E.2d 403, 124 SCt. 2531.
{¶ 6} As stated by Judge W. Scott Gwin of this Court in Statev. Cahill, 04CAA07056, Blakely, the United States Supreme Court held: "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant. SeeRing, supra, at 602, 122 S.Ct. 2428, ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (quoting Apprendi, supra, at 483,120 S.Ct. 2348); Harris v. United States, 536 U.S. 545, 563,122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (plurality opinion) (same); cf.Apprendi, supra, at 488, 120 S.Ct. 2348, (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,'Bishop, supra, 87, at 55, and the judge exceeds his proper authority." Id. at 2537 (Emphasis in original).
{¶ 7} In Blakely, the petitioner pled guilty to kidnapping his estranged wife. Under the facts admitted during his plea, the petitioner was subject to a maximum sentence of 53 months imprisonment. At sentencing, however, "the trial judge imposed a 90-month sentence after finding that petitioner had acted with deliberate cruelty, a statutorily enumerated ground for departing from the standard range." Id. at 2533. The United States Supreme Court determined the State of Washington's sentencing scheme violated the petitioner's Sixth Amendment right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence.
{¶ 8} This court has previously held a jury is not required to find the factors set forth in R.C. 2929.13(B)(2) or R.C.2929.14(B) before a judge may impose a prison sentence for the conviction of a third, fourth or fifth degree felony. State v.Iddings (Nov. 8, 2004), Delaware App. No. 2004-CAA-06043, Statev. Hughett (Nov. 18, 2004), Delaware App. No. 2004-CAA-06051,2004-Ohio-6207; State v. O'Conner (Dec. 3, 2004), Delaware App. No. 2004-CAA-028, 2004-Ohio-6752.
{¶ 9} Nor is a jury required to find the factors set forth in R.C. 2929.14(E) (4) before a judge may impose consecutive sentences. State v. Small (Jan. 14, 2005), Delaware App. No. 2004-CAA-04032; See State v. Taylor, Lake App. No. 2003-L-165,2004-Ohio-5939, ¶ 25, citing United States v. Wingo (C.A.6, 2003), 76 Fed. Appx. 30, 35-36.
{¶ 10} Accordingly, appellant's assignment of error is overruled.
{¶ 11} The judgment of the Licking County Court of Common Pleas is affirmed.
Boggins, P.J. and Farmer, J. concur. Hoffman, J. dissents