OPINION
{¶ 1} Defendant-appellant Eugene B. McCall appeals from the January 13, 2005, Judgment Entries of the Muskingum County Court of Common Pleas which denied appellant's motion for DNA testing and his "Petition for Redress of Grievances and to Vacate Judgment," respectively. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In February, 2001, a jury convicted appellant on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), and one count of robbery, in violation of R.C. 2911.02(A)(2). The trial court merged the count of robbery with the count of aggravated robbery and sentenced appellant to ten years in prison.
 {¶ 3} The following facts were presented at trial. In the early afternoon hours of October 18, 2000, appellant walked into Ford's BP Station, in the City of Zanesville, Muskingum County, with a pistol in hand, and demanded money from James and Bonnie Ford, the owners of the station. According to witnesses, appellant wore dark jeans, a dark jacket, a gray colored sweatshirt, a white baseball cap and a tight fitting glove. A gray bandana covered the lower portion of his face. Appellant carried a brown paper bag and a long barreled, chrome colored gun, which he pointed at the Fords during the robbery.
 {¶ 4} Also present at the station, with the Fords, was Daniel Barnhart. Appellant ordered Mr. Barnhart to move closer to the counter and ordered Mrs. Ford to fill the brown bag with money. Mrs. Ford began tapping Mr. Ford's hand. Mr. Ford was standing behind his wife counting money. When Mr. Ford turned around, appellant placed the pistol two to three inches from Mr. Ford's stomach and ordered Mr. Ford to give him the money. Just at that moment, a van was pulling into the BP Station and appellant started to turn his head toward the van. At that point, Mr. Ford jerked the paper bag out of appellant's hand. Mr. Ford's wife was in the doorway to the back room so Mr. Ford shoved his wife into the back room. Mr. Ford then retrieved a pistol that he kept in the station in a drawer. Mrs. Ford hit the alarm. When Mr. Ford returned to the front of the store, appellant had already fled the station.
 {¶ 5} Mr. Barnhart and Mrs. Ford ran out of the station attempting to locate the direction appellant fled while Mr. Ford telephoned the police. Mr. Barnhart and Mrs. Ford observed a small, black vehicle on Lee Street heading toward the eastbound ramp of Interstate 70. Immediately following the robbery, Connie Tolliver entered the station and asked Mr. Ford if they had any problems. Mr. Ford informed Ms. Tolliver that an armed robbery had just occurred. Ms. Tolliver responded that she had just seen appellant going through the alley at a high rate of speed in a small, black vehicle. Ms. Tolliver also spoke on the telephone, with police dispatchers, and gave the dispatcher appellant's name and description. Based upon this information, the authorities issued an all points bulletin for appellant.
 {¶ 6} After appellant discovered that the authorities were looking for him, he drove to the Zanesville Police Department where he was immediately arrested. While Mr. Ford was at the police station giving a statement about the robbery, appellant was brought into the same general area for interrogation. Mr. Ford immediately identified appellant as the person who had just robbed his gas station. The police photographed the vehicle appellant drove to the police station prior to impounding it as evidence. The police also obtained clothing and a small caliber handgun from a dumpster located in the same vicinity of the BP Station. See State v. McCall (Oct. 10, 2001), Muskingum App. No. 01CA23, 2001 WL 1230499.
 {¶ 7} Appellant appealed his conviction and sentence. This Court affirmed appellant's conviction and sentence. State v.McCall, supra.
 {¶ 8} Subsequently, various motions and petitions were filed. Each was denied.
 {¶ 9} On June 7, 2004, appellant filed an application for DNA testing. Subsequently, on August 30, 2004, appellant filed a Petition for Redress of Grievances and to Vacate the Void Judgment. The trial court denied the application for DNA testing by Judgment Entry filed January 13, 2005. The trial court's denial was based upon the finding that the DNA testing would not be outcome determinative. The trial court also denied appellant's Petition for Redress of Grievances by an Entry filed January 13, 2005. The trial court based the denial upon a finding that the issues should have been raised on direct appeal or by a motion for postconviction relief and that the time for filing such relief had long since expired.
 {¶ 10} Appellant appealed to this court.[1] On appeal, appellant raises the following assignments of error:
 {¶ 11} "I. THE TRIAL COURT COMMITTED PREJUDICIAL REVERSIBLE ERROR, PURSUANT [TO] ARTICLE VI OF THE UNITED STATES CONSTITUTION.
 {¶ 12} "II. THE TRIAL COURT COMMITTED PREJUDICIAL REVERSIBLE ERROR, PURSUANT [TO] OHIO CRIMINAL RULE 52(B)."
 I {¶ 13} In the first assignment of error, appellant essentially contends that the trial court erred when it denied appellant's application for DNA testing, pursuant to R.C. 2953.71
et seq. We disagree.
 {¶ 14} A prison inmate who has been convicted of a felony and who has at least a year remaining on his prison term may file a postconviction application for DNA testing of biological evidence upon which no DNA test, or an inconclusive DNA test, has been conducted. See R.C. 2953.71(F), 2953.72(A) and (C), 2953.73(A), and 2953.74(A) and (B). The common pleas court may "accept" the application only if the DNA testing results are "exclusi[ve]"[2] and the court determines that the results are "outcome determinative." See R.C. 2953.74(B) and (C)(4). "[E]xclusive" results are "outcome determinative" if, "had [they] been presented at the [inmate's] trial . . . and been found relevant and admissible . . ., no reasonable factfinder would have found the inmate guilty of [the] offense." R.C. 2953.71(L).
 {¶ 15} In his application for DNA testing, appellant sought the testing of a white ball cap and grey T-shirt that appellant asserts were allegedly worn by the robber and which were admitted at trial. The evidence was found in a dumpster near the crime location. Appellant argues that since he presented an alibi defense at trial, if the DNA on the items is not appellant's DNA, the jury may not have convicted appellant.
 {¶ 16} The trial court found that the DNA results would not be outcome determinative. We agree.
 {¶ 17} In this case, there were multiple eyewitnesses to the robbery. Eyewitnesses testified that the robber was wearing a gray sweatshirt and a white baseball cap. Police officers recovered those items from a dumpster in the vicinity of the BP Station. The State presented those items at trial. The State never tested those items for DNA and did not use any DNA evidence against the appellant. Even if testing would prove that it was not the appellant's DNA on those items, an "exclusive result" would not have been "outcome determinative." Both Jim Ford and Nathan Barnhart positively identified appellant as the robber. Connie Tolliver, who considered herself a friend of appellant, identified appellant as the individual fleeing from the robbery. Several eyewitnesses also identified the vehicle appellant was driving as he fled from the robbery. That vehicle was later determined to belong to Patricia McCall, appellant's wife.
 {¶ 18} Upon review, this court finds that even with an "exclusive DNA result", that result would not have rendered the outcome of the trial any differently. Appellant's conviction was primarily based upon eyewitness testimony by witnesses who claimed they saw appellant, not the clothes allegedly worn by appellant. Accordingly, a reasonable fact finder could have found appellant guilty even if the DNA found on the clothing was not appellant's DNA.
 {¶ 19} Appellant's first assignment of error is overruled.
 II {¶ 20} Appellant presents a second assignment of error. In that assignment, appellant essentially contends that the trial court committed plain error when it denied appellant's Petition for Redress of Grievances. Appellant presents an argument concerning his sentence, relying upon Blakely v. Washington
(2004), 542 U.S. ___, 124 S.Ct. 2531, 159 L.E.2d 403. Specifically, appellant argues that because the trial court imposed a ten year sentence based upon facts not found by a jury nor admitted by appellant, the trial court exceeded its authority, resulting in a void sentence.
 {¶ 21} First, we note that appellant's Petition for Redress of Grievances did not raise such an issue.[3] Appellant cannot raise this issue for the first time on appeal. See Statev. Moore, 161 Ohio App.3d 778, 832 N.E.2d 85, 2005-Ohio-3311;State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 170,522 N.E.2d 524.
 {¶ 22} Second, the issues raised in appellant's petition for Redress should have been raised on direct appeal or in a petition for postconviction relief, including any Blakely issue. There is a time limit within which such actions must be presented and that time limit has passed, unless appellant shows cause to present those issues at this point in time. See App. R. 26(B), R.C. 2953.21(A) and R.C. 2953.23(A). In his Petition in the trial court, appellant made no attempt to meet those requirements. Accordingly, the trial court and this court have no jurisdiction to consider the Petition.
 {¶ 23} However, even if this court were to address the issue, this court has previously held that a jury is not required to find any sentencing factors before a trial court may impose a prison sentence if that sentence is within the statutory sentencing guidelines for that conviction. State v. Iddings
(Nov. 8, 2004), Delaware App. No. 2004-CAA-06043, State v.Hughett (Nov. 18, 2004), Delaware App. No. 2004-CAA-06051,2004-Ohio-6207; State v. O'Conner (Dec. 3, 2004), Delaware App. No. 2004-CAA-028, 2004-Ohio-6752; State v. Wagner, Licking App. No. 04CA79, 2005-Ohio-3821 County. In other words, if the sentence does not exceed the statutory maximum sentence, the sentence does not constitute a violation of Blakely.
 {¶ 24} Accordingly, appellant's second assignment of error is overruled.
 {¶ 25} The judgment of the Muskingum County Court of Common Pleas is affirmed.
Edwards, J. Hoffman, P.J. concurs separately Wise, J. concurs.
[1] On March 3, 2005, appellant filed a motion for postconviction relief, pursuant to R.C. 2953.21. That matter was stayed by the trial court pending resolution of this appeal.
[2] A DNA-testing result is "exclusi[ve]" if it "scientifically preclude or forecloses the . . . inmate as a contributor of biological material recovered from the crime scene or victim." R.C. 2953.71(G).
[3] In the Petition for Redress of Grievances, appellant raised an issue as to whether the trial court committed error and violated appellant's constitutional rights when it merged the jury convictions on one count of aggravated robbery and one count of robbery and sentenced appellant on the more serious offense of aggravated robbery. Appellant contended that the trial court was required to sentence appellant on the less serious offense, the robbery conviction. Appellant further pointed out that his trial counsel was ineffective for failing to object to this alleged sentencing error and for failing to exploit conflicts in the evidence. Last, appellant asserted that his trial counsel had a conflict of interest because trial counsel was seeking a job with the Prosecutor's Office at the same time that trial counsel represented appellant.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.