[Cite as *State v. Henry*, 2011-Ohio-3217.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Sheila G. Farmer, P.J. |
|  | : | Julie A. Edwards, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 10CAA090075 |
|  | : |  |
|  | : |  |
| JOHN GORDON HENRY, JR. | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:          Criminal Appeal from Delaware
                                                        County Court of Common Pleas Case
                                                        No. 03-CR-I-05-203

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT ENTRY:          June 27, 2011

APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

DAVID A. YOST                                    JOHN R. CORNELY
Prosecuting Attorney                            21 Middle Street
Delaware, Ohio                                    P.O. Box 248
                                                        Galena, Ohio  43201-0248
BY: BRENDAN M. INSCHO
Assistant Prosecuting Attorney
140 N. Sandusky Street
Delaware, Ohio  43015

*Edwards, J.*

{¶1} Appellant, John Gordon Henry, Jr., appeals a judgment of the Delaware County Common Pleas Court resentencing him to a term of five years incarceration for one count of robbery (R.C. 2911.02(A)(3)) and adding a mandatory term of three years postrelease control.

## STATEMENT OF FACTS AND CASE

{¶2} On February 24, 2004, appellant entered a guilty plea to one count of robbery. He was sentenced to five years incarceration, and the court ordered the sentence to run consecutively to a sentence which he was serving from a Franklin County conviction.

{¶3} On January 6, 2010, the trial court ordered a resentencing hearing because the court had not properly advised appellant of postrelease control. The trial court held a hearing on September 1, 2010. At the hearing the court advised appellant that he was to serve a mandatory period of three years postrelease control. Appellant argued at the hearing that the court should reduce the five year sentence originally imposed in the case. Appellant argued that he had taken every class available to him in the prison system, his grandfather had passed away, his sister was murdered and his mother's health had taken a turn for the worse. The court told appellant he intended to impose the same sentence appellant received in 2004.

{¶4} Appellant assigns two errors on appeal:

{¶5} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FILING A JUDGMENT ENTRY OF RE-SENTENCING THAT DOES NOT CORRECTLY JOURNALIZE THE SENTENCE IMPOSED.

{¶6} "II. THE AMBIGUITY BETWEEN THE SENTENCE IMPOSED AT THE RE-SENTENCING HEARING AND THE SENTENCE SET OUT IN THE JUDGMENT ENTRY OF RE-SENTENCE MUST BE RESOLVED IN FAVOR OF APPELLANT AND CONCURRENT SENTENCES ORDERED."

I, II

{¶7} Appellant argues that the court did not correctly journalize the sentence he imposed at the hearing. He argues that at the hearing, the court did not order the sentence to run consecutively to the Franklin County sentence, but the judgment entry orders the sentence to be served consecutively. Appellant argues that there is therefore an ambiguity in the sentence and he is entitled to the lesser sentence, i.e. a concurrent sentence.

{¶8} We find no ambiguity between the judgment entry and the sentence imposed in the courtroom. While the trial court did not expressly state that the sentence would run consecutively to the Franklin County sentence, the following colloquy occurred during the resentencing hearing:

{¶9} "MR. CORNELY: Mr. Henry has been in prison now for over six years on this case and some case out of Franklin County. He was sentenced to a total prison term in both counties of fifteen years, your Honor. He's got five years in this county.

{¶10} "THE COURT: Mr. Henry, the court reviewed the file last evening, I went through the file, the court is of the opinion that the sentence I gave you back on the 28th of May, 2004, was appropriate. The findings I made at that time were appropriate at that time." Tr. 6-7.

{¶11} Counsel had brought to the court's attention, in appellant's presence, that the original sentence was consecutive to the sentence imposed by Franklin County. The court stated that having reviewed the file the night before, he intended to impose the same sentence.  Therefore, appellant was made aware by the court that the sentence would not change, even though the court did not specifically state on the record that he would again impose the sentence consecutively to the Franklin County sentence.

{¶12} Further, the Ohio Supreme Court has held that if a defendant is under a sentence in which postrelease control was not properly handled, only the offending portion of the sentence dealing with postrelease control is subject to review and correction. *State v. Fischer*, 128 Ohio St.3d 92, 942 N.E.2d 332, 2010-Ohio-6238, ¶27. The new sentencing hearing to which the offender is entitled is limited to the issue of postrelease control.  Id. at ¶29.  Therefore, the court could not reconsider appellant's original sentence; his resentencing hearing was limited solely to the issue of the proper imposition of postrelease control.

{¶13}  The first and second assignments of error are overruled.

{¶14}  The judgment of the Delaware County Common Pleas Court is affirmed.


By: Edwards, J.

Farmer, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/r0401

[Cite as *State v. Henry*, 2011-Ohio-3217.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                           :
                    Plaintiff-Appellee     :
                                           :
                                           :
-vs-                                       :        JUDGMENT ENTRY
                                           :
JOHN GORDON HENRY, JR.                     :
                                           :
                    Defendant-Appellant    :        CASE NO. 10CAA090075


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES