[Cite as *State v. Boylen*, 2012-Ohio-5503.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| ADAM BOYLEN | : | Case No. 2012 AP 06 0039 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 1999 CR 08 0147


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                November 26, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

R. SCOTT DEEDRICK                         ADAM BOYLEN, PRO SE
125 East High Avenue                      P.O. Box 184
New Philadelphia, OH  44663               Canal Fulton, OH  44612

*Farmer, J.*

{¶1}   On February 24, 2000, appellant, Adam Boylen, was sentenced to three years of community control to begin upon his release from prison on an unrelated matter.

{¶2}   On May 14, 2012, appellant filed a motion for an order to correct/clarify the February 24, 2000 judgment entry and find the community control sanction completed. By judgment entry filed June 4, 2012, the trial court denied the motion.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY ORDERING THE COMMUNITY CONTROL SENTENCE IMPOSED TO BE TOLLED."

I

{¶5}   Appellant claims the trial court erred in tolling the community control sentence.  We disagree.

{¶6}   R.C. 2929.15 governs community control sanctions.  The version in effect at the time of appellant's sentencing stated the following in pertinent part:

(A)(1) If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized

pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code. If the court is sentencing an offender for a fourth degree felony OMVI offense under division (G)(1) of section 2929.13 of the Revised Code, in addition to the mandatory term of local incarceration imposed under that division and the mandatory fine required by division (B)(3) of section 2929.18 of the Revised Code, the court may impose upon the offender a community control sanction or combination of community control sanctions in accordance with sections 2929.16 and 2929.17 of the Revised Code. The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years.

{¶7} In its February 24, 2000 judgment entry, the trial court ordered the following:

The Court hereby places the defendant, upon his release from incarceration on another matter, to **three (3)** years of Community Control based upon his convictions for the felony two robberies and **three (3)** years of Community Control based upon his conviction for the felony three robberies. Said Community Control is to run concurrent to each other.

{¶8} Appellant argues because the statute stated a trial court is to "directly impose" a community control sanction, then the sanction should have begun at the time of the original sentence on February 24, 2000, and therefore the sanction would have expired in 2003. Appellant further argues because the statute provided that the duration

of all community control sanctions imposed shall not exceed five years, the tolling caused his sanction to exceed the five year limit.

{¶9}   In support of his arguments, appellant cites the cases of *State v. Griffin,* 131 Ohio App.3d 696 (1st Dist. 1998), and *State v. Brooks,* 163 Ohio App.3d 241, 2005-Ohio-4728 (4th Dist.).   These cases involve subsequent sua sponte modifications to community control orders, not the original imposition of community control.   Therefore, these cases are not applicable sub judice.

{¶10} Although the trial court in this case did not specifically use the word "consecutive" in serving the community control sanction to the unrelated term of imprisonment already being served, in placing appellant on community control "upon his release from incarceration on another matter," the sentence was clearly to be served consecutively.  *State v. Henry,* 5th Dist. No. 10CAA090075, 2011-Ohio-3217.

{¶11}   The trial court sentenced appellant to three years of community control to be served after his release from prison.   The sentence does not exceed the five year limitation of R.C. 2929.15.  *State v. Kinder,* 5th Dist. No. 03CAA12075, 2004-Ohio-4340; *State v. O'Conner,* 5th Dist. No. 04CAA04-028, 2004-Ohio-6752.

{¶12}   Upon review, we find the trial court did not err in ordering appellant to serve his community control after completing his prison sentence in an unrelated matter.

{¶13}  The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ John W. Wise_____

JUDGES

SGF/sg 1029

[Cite as *State v. Boylen*, 2012-Ohio-5503.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ADAM BOYLEN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012 AP 06 0039 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ John W. Wise_____

JUDGES