OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant William Kinder appeals his sentence entered by the Delaware County Court of Common Pleas on one count of complicity to possession of drugs, and one count of reckless homicide following appellant's plea of guilty to the two charges. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
{¶ 2} On September 9, 2003, the State filed a Bill of Information against appellant on one count of complicity to possession of drugs, in violation of R.C. 2923.03(A)(2), a felony of the fifth degree; and one count of reckless homicide, in violation of R.C. 2903.041(A), a felony of the third degree. Appellant appeared before the trial court for an arraignment on the Bill of Information on September 10, 2003.
{¶ 3} Appellant and the State entered into Crim. R. 11(F) negotiations. Pursuant thereto, appellant entered a guilty plea to the Bill of Information, the State dismissed an indictment in a separate case, Case No. 03CR-I-03-123; and the State recommended appellant be referred for a presentence investigation. Appellant enter a written plea of guilty and a written waiver of prosecution by indictment. The trial court accepted appellant's guilty pleas and found him guilty of the charges. The trial court referred the matter to the Ohio Adult Parole Authority for preparation of a presentence report. Appellant was released on his own recognizance. Subsequently, on October 28, 2003, the trial court revoked appellant's bond due to appellant's being arrested on October 19, 2003, as well as appellant being involved in a physical altercation with a Carrington Police Officer.
{¶ 4} The matter came on for sentencing on November 13, 2003. The trial court imposed a split sentence, ordering appellant be imprisoned for a period of four years on the reckless homicide count, and further ordering appellant be sentenced to community control sanctions for a period not to exceed five years on the complicity count. The trial court ordered the community control sanction commence upon the completion of the sentence imposed on the reckless homicide charge. The trial court memorialized the sentence via Judgment Entry filed December 2, 2003.
{¶ 5} It is from this sentence appellant appeals, raising the following assignments of error:
{¶ 6} "I. The trial court failed to consider the sentencing principles set forth in R.C. 2929.11 and the factors enumerated in R.C. 2929.12 in sentencing the defendant-appellant.
{¶ 7} "II. The trial court considered facts in sentencing the defendant on the reckless homicide charge that is [sic] should have only considered for purposes of sentencing the defendant on the complicity to drug abuse charge.
{¶ 8} "III. The trial court erred by sentencing the appellant to consecutive sentences on the charges of reckless homicide and complicity to drug abuse."
 I
{¶ 9} In his first assignment of error, appellant maintains the trial court failed to consider the sentencing principles set forth in R.C. 2929.11 and the factors enumerated in R.C. 2929.12.
{¶ 10} R.C. 2929.11 provides:
{¶ 11} "A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
{¶ 12} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
{¶ 13} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
{¶ 14} R.C. 2929.12 states, in pertinent part:
{¶ 15} "(A) Unless otherwise required by section 2929.13 or2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
{¶ 16} At the sentencing hearing, the trial court specifically addressed the "seriousness" and "recidivisms" factors of R.C.2929.12, finding:
{¶ 17} "THE COURT: * * * As far as serious, more serious, it took an effort on your behalf and your wife's behalf to concoct the use of this drug so that you could take it intravenously.
{¶ 18} "You had the accident two years ago, I look at your record, you have had problems with the criminal justice system since age 18; you started using marijuana, by your own admission regularly, in that time frame; there is nothing in the record that I can see that you, at any time, up until the death of your wife, ever acknowledged any responsibility whatsoever. Obviously, this is one of the more serious type offenses just by the very nature, someone lost a live.
{¶ 19} "Court finds no factors under R.C. 2929.12 that would say it is at least or less serious; the victim being your wife, there was harm, she died. So there are two factors that says it is more serious.
{¶ 20} "Recidivism, according to the PSI, starting form at page 5 going through page 10, your involvement with the judicial system, court system, started at age 14; it has continued. In fact it looks like it even continued after these charges were brought against you; there are subsequent charges still pending in Morrow County * * *
{¶ 21} "Obviously, you didn't learn. You hadn't learned yet.
{¶ 22} "You were on probation for two offenses in Morrow County when this occurred, and you still took the time and effort to concoct a drug that belonged to your daughter, so you and your wife could take it intravenously. * * *
{¶ 23} "You have had prior convictions for violent type crimes as well as the drugs; you served previous prison terms; you were on probation from the court in Morrow County when this took place. The court feels that it would demean the seriousness and not protect society if you were not given a prison term. The court is giving you a prison term."
{¶ 24} Tr. Nov. 13, 2003 Sentencing Hearing at 11-14.
{¶ 25} We find nothing in the record which demonstrates the trial court did not consider the criteria set forth in R.C.2929.12 or consider the sentencing principles set forth in R.C.2921.11. In the absence of an affirmative showing the trial court failed to do so, we presume the trial court accurately followed the law.
{¶ 26} Appellant's first assignment of error is overruled.
 II
{¶ 27} In his second assignment of error, appellant contends the trial court erred in considering facts relating to the complicity charge when it sentenced appellant on the reckless homicide count. We disagree. Because the offenses for which appellant plead guilty were interrelated, and arose out of the same transaction, we find the trial court was not limited to considering only the reckless homicide facts and its result when sentencing appellant on that charge, but could properly consider the total circumstances surrounding both charges.
{¶ 28} Appellant's second assignment of error is overruled.
 III
{¶ 29} In his final assignment of error, appellant submits the trial court erred in sentencing him to consecutive sentences. Specifically, appellant asserts the trial court failed to make the requisite findings set forth in R.C. 2929.14(E).
{¶ 30} R.C. 2929.13(A) provides:
{¶ 31} "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code." As such, the trial court has discretion to find community control sanctions appropriate for one offense, while finding a prison term appropriate for a separate offense, and order those sentences be served consecutively.
{¶ 32} Pursuant to R.C. 2929.14, a trial court is required to make certain findings before the imposition of consecutive terms of imprisonment. Accordingly, the issue before this Court is whether community control sanctions, which could ultimately result in the imposition of a prison term if violated, constitute a term of imprisonment.
{¶ 33} Although the word "imprisonment" is not defined in R.C. 2929, R.C. 1.05(C) defines "imprisoned" as "`imprisoned' or `imprisonment' means being imprisoned under a sentence imposed for an offense or serving a term of imprisonment, prison term, jail term, term of local incarceration, or other term under a sentence imposed for an offense in an institution under the control of the department of rehabilitation and correction, a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse, a minimum security jail, a community-based correctional facility, a halfway house, an alternative residential facility, or another facility described or referred to in section 2929.34 of the Revised Code for the type of criminal offense and under the circumstances specified or referred to in that section."
{¶ 34} We conclude the community control sanctions do not render appellant imprisoned within the meaning of R.C. 1.05; therefore, the trial court was not required to set forth findings and reasons for consecutive sentences. Accord, State v.Meredith, 2002-Ohio-45-8.
{¶ 35} Appellant's third assignment of error is overruled.
{¶ 36} The judgment of the Delaware County Court of Common Pleas is affirmed.
Hoffman, J., Gwin, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.