OPINION
{¶ 1} Defendant Jimmy D. Burley appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which sentenced him in three cases. Appellant assigns two errors to the trial court:
 {¶ 2} "I. The trial court erred by sentencing the appellant to the maximum prison term.
 {¶ 3} "II. The trial court erred by sentencing the appellant to consecutive sentences."
 {¶ 4} In case number 03CRI07321, appellant was charged with a single count of forgery, and a single count of receiving stolen property. In case number 03CRI03102, appellant was charged with one count of forgery, and two counts of identification fraud. In case number 04CRI01004, appellant was charged with a single count of forgery.
 {¶ 5} On January 15, 2004, appellant entered a guilty plea to one count of forgery and one count of identification fraud in case number 03CRI03102; one count of forgery in case number 03CRI07321, and to the single count in case number 04CRI01004.
 {¶ 6} On March 18, 2004, the trial court held a sentencing hearing. In case number 03CRI03102, the court sentenced appellant to the maximum prison sentence on both counts, and ran those sentences concurrent with one another. In case number 03CRI07321, the court sentenced appellant to the maximum prison sentence, and ran that sentence consecutive to those imposed in case number 03CRI03102. In case number 04CRI01004, the court sentenced appellant to five years of community control, consecutive to the sentences in the two prior cases. The aggregate sentence in this matter was 30 months in prison, and 5 years of community control sanctions. The court also ordered appellant to complete a program at a community based correctional facility as a condition of his community control sanctions.
 I. {¶ 7} In his first assignment of error, appellant argues the trial court did not make sufficient findings to sentence him to the maximum prison term.
 {¶ 8} R.C. 2953.08 permits this court to review and modify a maximum sentence if the record does not support the sentencing court's findings, or if the sentence is contrary to law. Our standard of review is clear and convincing evidence.
 {¶ 9} R.C. 2929.14 (C) provides a trial court may only impose a maximum prison term for offenders who have committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, on certain major drug offenders, and upon certain repeat violent offenders. In Statev. Stuart (April 15, 2002), Stark Appellate No. 2001CA00033, this court held while a recitation of the statutory criteria may be enough to justify more than a minimum sentence, it is not legally sufficient to justify imposition of the maximum sentence. The trial court must also provide its reasons, and if it does not, the matter must be remanded for re-sentencing. Appellant urges the trial court did not make the necessary findings or state its reasons.
 {¶ 10} At the sentencing hearing, the trial court conducted an extensive dialogue with the appellant, and advised him it believed the identity theft is a more serious offense than the others. The court noted the offenses were all committed as part of an organized criminal activity. The court found the potential for recidivism is very clear, because the pre-sentence investigation demonstrated appellant had at least 8 felony convictions in the past, and had served at least 3 prison terms. The court added the most offensive part of the case was that while appellant was out on a recognizance bond on the first case, he committed the offenses in the subsequent 2 cases. The court found appellant had not responded favorably in the past to probation or parole, and had not acknowledged his problems with chemical abuse. The trial court did not recite the words contained in the statute, but it is clear from the court's discussion of appellant's prior record and his behavior during the course of these three offenses, that the court believed appellant poses the greatest likelihood of committing future crimes. We find the trial court is not required to parrot the words of the statute, but rather, to explain its reasons. The court has done so here.
 {¶ 11} The first assignment of error is overruled.
 II. {¶ 12} In his second assignment or error, appellant argues the trial court did not make the specific findings necessary for the imposition of consecutive sentences.
 {¶ 13} R.C. 2929.14 (E) requires certain findings. The court must find the consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Finally, the court must make one of the following findings: (A) the offender committed multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, 2929.18; or was under post-release control for a prior offense; (B) the harm caused by the multiple offenses was so great or unusual no single prison term for the offenses committed as part of a single course of conduct adequately reflects the seriousness of the conduct; or (C) the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by this offender.
 {¶ 14} Appellant concedes the trial court found a consecutive sentence is necessary and not disproportionate to the seriousness of the felonies and is necessary under the law of Ohio and under the facts of the case, to protect society from the criminal conduct of the appellant.
 {¶ 15} The trial court also found appellant had committed offenses in the subsequent two cases while out on a recognizance bond on the first offense.
 {¶ 16} We find the above is sufficient to permit the court to run prison sentences for case numbers 03CRI03102, and 03CRI07321, consecutively.
 {¶ 17} As for case number 04CRI01004, the court sentenced appellant to community control. Appellant argues the court was required to make the R.C. 2929.14 findings in order to make the sentence of community control sanctions consecutive to the prison sentences.
 {¶ 18} In the case of State v. Kinder, (August 13, 2004), Delaware Appellate No. 03CAA12075, 2004-Ohio-4340, this court reviewed a similar argument. We found the trial court is required to make certain findings before imposing consecutive terms of imprisonment. We noted although the word "imprisonment" is not defined in Title 29 of the Revised Code, R.C. 1.05 (C) defines "imprisoned" as being imprisoned under a sentence imposed for an offense or serving a term of imprisonment, prison term, jail term, term of local incarceration, or other term under a sentence imposed for an offense in an institution under the control of the Department of Rehabilitation and Correction, a county, multi-county, municipal, municipal-county, or multi-county municipal jail or workhouse, a minimum security jail, a community-based correctional facility, a half-way house, an alternative residential facility, or another facility described or referred to in Section 2929.34 of the Revised Code. This court concluded community control sanctions are not the equivalent of the imprisonment within the meaning of R.C. 2929.14.
 {¶ 19} The only questionable issue is that the trial court ordered appellant to complete a term in a community-based correctional facility for purposes of alcohol and drug rehabilitation. This portion of the community control sanction is arguably within the definition of imprisonment.
 {¶ 20} The trial court made the necessary findings to justify running the sentence in the second case consecutive to the first. This court sees no reason to require the court to repeat those same findings in sentencing the appellant to community control including a stay in a community-based correctional facility. It is obvious from the record the trial court knows the standards, and has applied them to this case.
 {¶ 21} The second assignment of error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Gwin, P.J., and Boggins, J., concur.
Hoffman, J. concurs in part, dissents in part.