OPINION
{¶ 1} On November 17, 2004, appellant, Richard O'Connor, pled guilty to unauthorized use of a motor vehicle in the fifth degree in violation of R.C. 2913.03(B) (Case No. 03CRI11525). On November 24, 2004, appellant pled guilty to four counts of breaking and entering in the fifth degree in violation of R.C. 2911.13, one count of theft in the fourth degree in violation of R.C. 2913.02, one count of theft as a misdemeanor in the first degree in violation of R.C. 2913.02, two counts of vandalism in the fifth degree in violation of R.C. 2909.05 and one count of tampering with coin machine in the fifth degree in violation of R.C. 2911.32 (Case No. 03CRI10436).
 {¶ 2} A sentencing hearing was held on March 4, 2004. By judgment entry filed March 10, 2004 in Case No. 03CRI10436, the trial court sentenced appellant to twelve months on each of the breaking and entering counts, the vandalism counts and the tampering count, fourteen months on the theft in the fourth degree count and six months on the misdemeanor theft count. The trial court ordered some sentences to be served concurrently and some to be served consecutively for an aggregate term of sixty-two months. By judgment entry filed March 10, 2004 in Case No. 03CRI11525, the trial court sentenced appellant to five years of community control on the unauthorized use count, to commence upon his release from prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The court erred to the prejudice of the appellant because the findings supporting appellant's exceptional sentence, that is, consecutive, maximum prison sentences, were made by the court and were neither admitted by the appellant nor found by a jury; therefore, the sentence violated his right to trial by jury as guaranteed under the sixth amendment and Article I Section 10
of the Ohio constitution.
 II {¶ 5} "The trial court committed prejudicial error by imposing maximum and sub maximum, consecutive, prison sentences upon the defendant-appellant instead of sentencing him to community control sanctions for felonies of the fifth and fourth degree and thereby denied appellant equal protection under the law."
 III {¶ 6} "The trial court committed prejudicial error by imposing `split sentences' upon the defendant-appellant, consisting of four maximum and one sub-maximum, consecutive prison terms, followed by a consecutive sentence to a term of community control sanctions because the court's findings in favor of multiple prison sentences were unjustified and unsupported by the record and otherwise incompatible and irreconcilable with its findings in favor of community control sanctions in the appellant's companion case."
 IV {¶ 7} "The trial court committed prejudicial error by ordering that the appellant's sentence of community control sanctions commence upon the completion of his prison sentences and his release from the ohio department of corrections."
 I {¶ 8} Appellant claims the trial court erred in sentencing him to prison terms on fourth and fifth degree felonies in light of the decisions of the United States Supreme Court in Apprendiv. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington
(June 24, 2004), 124 S.Ct. 2531. We disagree.
 {¶ 9} R.C. 2929.13(B)(1)(a)-(i) sets forth factors to be considered by trial courts in sentencing offenders on fourth and fifth degree felonies. Appellant argues Apprendi and Blakely
mandate that these factors, which affect the imposition of imprisonment versus community control sanctions, are to be determined by a jury.
 {¶ 10} In State v. Iddings (November 8, 2004), Delaware App. No. 2004CAA06043, ¶ 12, this court examined the Apprendi
and Blakely decisions and found they "do not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature." This court further held at ¶ 20-21:
 {¶ 11} "None of the factors set forth in either 2929.13(B) or 2929.14(B) subject an offender to a prison term in excess of what the law provides as the maximum sentence for a felony of the fourth or fifth degree. The Legislature has simply codified factors that sentences courts have always considered when deciding to sentence a defendant within the range permitted by statute. The fact that the legislature has chosen certain of the traditional sentencing factors and dictated the precise weight to be given those factors does not evade the requirements of the Fifth and Sixth Amendments. Harris v. United States, supra,536 U.S. at 568, 122 S.Ct. at 2420. (Citing McMillan v.Pennsylvania (1986), 477 U.S. 79, 106 S.Ct. 2411).
 {¶ 12} "Accordingly, a jury is not required to find the factors set forth in R.C. 2929.13(B) (2) or R.C. 2929.14(B) before a judge may impose a prison sentence for the conviction of a fourth or fifth degree felony."
 {¶ 13} Based upon this well reasoned opinion by Judge W. Scott Gwin, we find the trial court did not err in sentencing appellant in light of Apprendi and Blakely.
 {¶ 14} Assignment of Error I is denied.
 II {¶ 15} Appellant claims that the trial court's findings pursuant to R.C. 2929.13(B)(1)(e), (g) and (h) are not supported by the record. We disagree.
 {¶ 16} As stated supra, in imposing sentences on fourth and fifth degree felonies, trial courts must look to the factors set forth in R.C. 2929.13(B)(1). Relevant to this case are the following factors:
 {¶ 17} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 18} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 19} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance."
 {¶ 20} During the sentencing hearing, the trial court specifically found the offenses were "committed as part of an organized group activity," appellant had served a prison term and was on probation at the time of the offenses. March 4, 2004 T. at 33-34. Appellant argues these findings are not supported by the record.
 {¶ 21} Defense counsel acknowledged a reading of the presentence investigation report would indicate appellant would be going to prison. Id. 5. Defense counsel concurred appellant was "on probation out of Franklin County" at the time of the offenses. Id. at 25. Defense counsel explained said probation was revoked because of the new offenses and as a result, appellant served four and a half months in Franklin County. Id. Clearly the trial court understood the sentence was served after the offenses sub judice had been committed. Id. at 34.
 {¶ 22} The trial court personally observed that any remorse on appellant's part was made in the thirteenth hour as appellant enjoyed "bragging about these offenses" during his plea. Id. at 29. This impression led the trial court to doubt appellant's sincerity and remorse for possible rehabilitation.
 {¶ 23} Upon questioning under oath, appellant admitted the offenses were part of a crime wave involving five others in order to secure drugs for others. Id. at 19-20.
 {¶ 24} Upon review, we conclude the record substantiates the trial court's findings.
 {¶ 25} Appellant also challenges the trial court's findings under State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus, wherein the Supreme Court of Ohio held, "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Upon review, we conclude the trial court's findings to be fact specific and not conclusionary, therefore, they meet the requirements of Comer.
 {¶ 26} Assignment of Error II is denied.
 III, IV {¶ 27} Appellant claims the trial court erred in sentencing him to community control in one case and imposing maximum sentences in the other case, and ordering them to be served consecutively. We disagree.
 {¶ 28} In sentencing an offender for a felony, R.C. 2929.13(A) states in part, "a court * * * may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code." (Emphasis added.) In State v. Kinder, Delaware App. No. 03CAA12075,2004-Ohio-4340, ¶ 31, this court reviewed this section and based upon the language therein determined "the trial court has discretion to find community control sanctions appropriate for one offense, while finding a prison term appropriate for a separate offense, and order those sentences be served consecutively."
 {¶ 29} Based upon this court's decision in Kinder, we find the trial court did not err in sentencing appellant to community control in one case and maximum sentences in the other, and ordering them to be served consecutively.
 {¶ 30} Assignment of Error III is denied.
 {¶ 31} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.