[Cite as *State v. Hitchcock*, 2017-Ohio-8255.]

HITCHCOURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 16-CA-41 |
| JEFFREY HITCHCOCK | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Fairfield County Court of
Common Pleas, Case No. 2016 CR 00275

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  October 19, 2017

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

R. KYLE WITT                       DARREN L. MEADE
Fairfield County Prosecuting Attorney   Parks and Meade, LLC
                                   3010 Hayden Road
By: JOSHUA S. HORACEK             Columbus, Ohio 43235
Assistant Prosecuting Attorney
239 West Main Street, Suite 101
Lancaster, Ohio 43130

*Hoffman, P.J.*

{¶1}    Defendant-appellant Jeffrey Hitchcock appeals the judgment entered by the Fairfield County Common Pleas Court convicting him of three counts of unlawful sexual conduct with a minor (R.C. 2907.04(A),(B)(3)) following his plea of guilty and sentencing him to two sixty-month terms of incarceration and one term of five years community control, to be served consecutively.  Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant engaged in a sexual relationship with a girl in his neighborhood who was twenty-six years younger than he.  The victim would often babysit for Appellant's minor child.  The sexual relationship began when the victim was thirteen years old and continued until she was fifteen years old.

{¶3}    When the victim was fifteen years of age, she delivered a still-born baby at the Fairfield Medical Center.  Although she had been unaware of her pregnancy until this time, she identified Appellant as the father.  Authorities performed DNA testing of the baby, which matched Appellant's DNA.  When police searched for Appellant, they found he had vacated his home across the street from the victim, taking his belongings with him. Police found Appellant in Kentucky.

{¶4}    Appellant admitted to engaging in sexual conduct with the victim, and submitted to an additional DNA test which reaffirmed he was the father of the still-born child.

{¶5}    Appellant was indicted by the Fairfield County Grand Jury with four counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3), all

felonies of the third degree, and endangering children in violation of R.C. 2919.22(A), a misdemeanor of the first degree.

{¶6} On September 20, 2016, Appellant pled guilty to three counts of unlawful sexual conduct with a minor, and the remaining charges were dismissed. He was sentenced to sixty months incarceration on Count One of the indictment, sixty months incarceration on Count Two of the indictment, and five years community control on Count Three of the indictment, with all sentences to be served consecutively. The community control sentence included nonresidential sanctions as well as an evaluation for placement in a Community Based Correction Facility (CBCF), with admission to be decided by the court at a later date.

{¶7} Appellant prosecutes this appeal from the judgment of conviction and sentence of the Fairfield County Common Pleas Court, assigning the following as error:


I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A TERM OF COMMUNITY CONTROL CONSECUTIVE TO AN IMPOSED TERM OF PRISON.

II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCES AND TO CONSECUTIVE TERMS OF INCARCERATION WHEN THE SENTENCES ARE NOT SUPPORTED IN THE RECORD.


I.

**{¶8}** In his first assignment of error, Appellant argues the court erred in sentencing him to a term of community control consecutive to his prison terms. We disagree.

**{¶9}** Appellant argues his sentence is not authorized by R.C. 2929.41:

(A) Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

(B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.

When consecutive sentences are imposed for misdemeanor under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months.

(2) If a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another state or the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state may order that the offender serve the prison term it imposes consecutively to any prison term imposed upon the offender by the court of another state or the United States.

(3) A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07, 2903.08, or 4511.19 of the Revised Code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively.

When consecutive jail terms or sentences of imprisonment and prison terms are imposed for one or more misdemeanors and one or more felonies under this division, the term to be served is the aggregate of the consecutive terms imposed, and the offender shall serve all terms imposed for a felony before serving any term imposed for a misdemeanor.

{¶10} In *State v. Kinder,* 5th Dist. Delaware No. 03CAA12075, 2004-Ohio-4340, the defendant was sentenced to four years in prison for reckless homicide and a term of community control not to exceed five years for complicity to possession to drugs, with the

term of community control commencing upon the completion of the prison sentence. He argued the court erred in ordering consecutive sentences, and specifically erred in failing to make the requisite findings according to R.C. 2929.14(E). In addressing his claim of error, we cited to R.C. 2929.13(A), which provides unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court may impose any sanction or combination of sanctions provided in R.C. 2929.14 to 2929.18. Therefore, we concluded the court "has discretion to find community control sanctions appropriate for one offense, while finding a prison term appropriate for a separate offense, and order those sentences be served consecutively." *Kinder* at ¶31. Turning to Kinder's specific claim of error, we concluded community control sanctions did not render him imprisoned within the meaning of R.C. 1.05, and the trial court was therefore not required to set forth findings for consecutive sentences. *Id.* at ¶34.

{¶11} Subsequently in *State v. O'Connor,* 5th Dist. Delaware No. 04CAA04-028, 2004-Ohio-6752, the appellant claimed error in sentencing him to community control in one case and imposing maximum sentences in another case, and ordering them to be served consecutively. Relying on R.C. 2929.13(A) and our decision in *Kinder,* we rejected O'Connor's argument and affirmed the sentences. *Id.* at ¶¶27-30. Likewise, in *State v. Boylen,* 5th Dist. Tuscarawas 2012AP060039, 2012-Ohio-5503, we concluded although the trial court did not specifically use the word "consecutive" in serving a community control sanction to an unrelated term of imprisonment already being served, in placing Boylen on community control "upon his release from incarceration on another matter," the sentence was clearly consecutive, and did not exceed the five year limitation of R.C. 2929.15. *Id.* at ¶¶10-11, citing *Kinder, supra,* and O'*Connor, supra.*

**{¶12}** After this Court's decisions in the above-cited cases, the Ohio Supreme Court held in *State v. Anderson,* 143 Ohio St. 3d 173, 35 N.E.3d 512, 2015-Ohio-2089, a trial court may not impose a community control sanction in the form of a no-contact order and a prison sentence on the same felony count. In so holding, the court held because sentencing is a creature of the legislature, courts are limited to imposing sentences that are *authorized* by statute, rather only being limited to sentences that are not *prohibited* by statute. *Id.* at ¶13, citing *Wilson v. State,* 5 N.E.3d 759 (Indiana 2014).

**{¶13}** Following the Supreme Court's decision in *Anderson,* the Eighth District sitting en banc addressed the issue raised in the instant case in *State v. Anderson,* 62 N.E.3d 229, 2016-Ohio-7044 (8th Dist. Cuyahoga).[1] Relying on the Ohio Supreme Court's language concerning a court's limitation to sentences authorized by statute as opposed to having discretion to impose a sentence not prohibited by statute, the court concluded the Ohio Revised Code provides no authority to impose a prison sentence consecutively to a community control sanction, whether such community control sanction is residential or non-residential. *Id.* at ¶¶16-19. In the absence of express statutory authority for consecutive sentences of prison and community control, the court vacated the community control sanction and remanded for resentencing.

**{¶14}** The Eighth District specifically rejected the reasoning of this Court in *Kinder,* as well as its own prior precedent and decisions of the Fourth, Sixth, and Twelfth Districts, finding the rationale in those cases relied on the proposition the legislature had not prohibited the imposition of consecutive community control sanctions, and such rationale

---

[1] Although both appeals are prosecuted by an appellant with the surname "Anderson," the Eighth District case is not the same appellant as the Ohio Supreme Court decision.

was rejected by the Supreme Court in *Anderson, supra*. *Id.* at ¶21. The majority further rejected our rationale in *Kinder* concerning the discretion given courts pursuant to R.C. 2929.13(A), finding the Ohio Supreme Court rejected similar language in R.C. 2929.16 as rationale for the imposition of consecutive jail sentences in *State v. Barnhouse,* 102 Ohio St.3d 221, 808 N.E.2d 874, 2004 -Ohio- 2492.

**{¶15}** In a dissent joined by four other members of the Eighth District en banc panel, Judge Boyle concluded a trial court has discretion and authority to impose a prison term on one felony offense and community control on a separate offense, and order the community control sanctions commence upon the offender's release from prison. The dissent noted the trial court was attempting to punish Anderson for his conduct and protect the public, while at the same time rehabilitate a 22-year-old offender so he could become a more productive and law-abiding citizen after he served his sentence. However, the majority's decision essentially removed the court's discretion which is counterintuitive and against the purposes and principles of felony sentencing under R.C. 2929.11. *Id.* at ¶38. The majority decision eliminated a trial court's discretion to impose community control sanctions on a separate felony count but would leave intact the court's authority to impose a prison term on that count to be served consecutively to the other felony counts, which directly contravenes the General Assembly's directive that trial courts use "the minimum sanctions necessary" to accomplish the principles and purposes of felony sentencing. *Id.* at ¶48.

**{¶16}** The dissent further disagreed with the majority concerning the application of R.C. 2929.13(A), concluding *Barnhouse* is limited to prohibiting trial courts from imposing consecutive jail sentences. *Id.* at ¶45. The dissenting opinion concluded the

Ohio Supreme Court's decision in *Anderson* is not applicable to the instant issue, and the en banc majority applied the dicta in that opinion too broadly. *Id.* at ¶46.

**{¶17}** Finally, the dissent noted the language ordering the community control sanction to be served consecutively to the prison term is superfluous:

> Moreover, it is axiomatic that an offender cannot serve a sentence of community control sanctions while in prison. Thus, community control sanctions must begin when an offender is released from prison. Because of this, it is my view that a trial court need not even use the words "consecutive" or "concurrent" when sentencing an offender to prison on one felony offense and community control sanctions on a separate felony offense because community control sanctions cannot commence until the offender is released from prison.
>
> *Id.* at ¶49.

**{¶18}** The Twelfth District revisited its prior precedent subsequent to the Eighth District's decision in *Anderson* and agreed with the majority decision of the Eighth District. *State v. Ervin,* 12th Dist. Butler No. CA2016-04-079, 2017-Ohio-1491. However, we are persuaded by the rational of the dissenting opinion in *Anderson.*

**{¶19}** R.C. 2929.13(A) provides in pertinent part:

> Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from

being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.[2]

{¶20}  We agree with the dissenting opinion in *Anderson* concerning the majority's overbroad application of *Barnhouse* in rejecting R.C. 2929.13(A) as support for the trial court's sentence in the instant case.  *Barnhouse* specifically held, "Rather, our decision only addresses the narrow question of whether the trial court may impose consecutive jail sentences under R.C. 2929.16(A)(2)." *Barnhouse, supra,* ¶18.  Further, R.C. 2929.11(A) states:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

---

[2] This language is maintained in the new version of the statute, eff. 10/17/17.

{¶21} Under the Eighth District's decision, the trial court in the instant case could have sentenced Appellant to three sixty-month terms of imprisonment, to be served consecutively, but could not sentence Appellant to two sixty-month terms of imprisonment to be served consecutively, and a term of community control, to commence upon his release from prison. Such a result flies in the face of the directive in R.C. 2929.11(A) to use the minimum sanctions the court determines necessary to accomplish the purposes of felony sentencing, without imposing an unnecessary burden on state or local government resources.

{¶22} We further agree the language "consecutive" or "concurrent" is superfluous when ordering a community control sanction for one offense and a prison sentence for another offense, as the offender cannot begin to serve the community control sanction until his or her release from prison. Therefore, the sentence of community control in the instant case does not implicate the consecutive sentencing directives found in R.C. 2929.14(C)(4), which apply when "multiple prison terms are imposed on an offender." See also *Kinder, supra,* ¶34.

{¶23} The first assignment of error is overruled.


II.

{¶24} In his second assignment of error, Appellant argues the record does not support the court's order of maximum and consecutive sentences.

{¶25} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22;

*State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, 2015 WL 5722820, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence the record does not support the sentence. *Marcum, supra,* at ¶23.

**{¶26}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id.* at 477, 120 N.E.2d 118.

**{¶27}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶28}** R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶29}** While Appellant concedes the court stated it considered the principles and purposes of felony sentencing and other relevant factors under R.C. 2929.11 and R.C. 2929.12, he argues the record does not support the court's sentence. He argues he exhibited genuine remorse and concern for the victim, and had not been convicted of a felony in over a decade.

**{¶30}** In sentencing Appellant, the trial court noted from the bench the situation was aggravated by the victim's pregnancy. Tr. 41. The court recognized Appellant was not at fault for the death of the child at birth, but noted the consequences to the victim would be longstanding and more significant than in the normal case of this type. Tr. 42. The court further noted this was not an isolated act in which Appellant lost control and impulsively engaged in sexual conduct with the victim, as the sexual conduct occurred on multiple occasions over a significant period of time. Tr. 42. The court believed had Appellant stopped engaging in sex with the victim on his own, or as a result of seeking counseling, his behavior would have shown a significant amount of remorse, beyond what the record reflected. Tr. 42-43.

**{¶31}** The court further placed great weight on Appellant's prior record of multiple felony convictions and his prior time served in a state penal institution. Tr. 43-44. The

court noted Appellant had previously been on community control at both the misdemeanor and felony level, and his community control was revoked.  Tr. 44.

**{¶32}**  Based on the specific factors set forth by the trial court, we find the sentence is supported by the record.  As noted by the court, Appellant had a history of prior convictions, both felonies and misdemeanors.  The trial court was in a better position than this Court to assess the genuineness of Appellant's remorse, and appears to have concluded Appellant showed remorse only after the relationship was discovered by the authorities.  This was not a single act, but rather a sexual relationship Appellant undertook with a neighborhood teenager over a period of two years.  Further, the victim would undergo significant trauma from the relationship ending in a pregnancy and subsequent stillbirth of the baby.

**{¶33}** Appellant also argues the court erred in sentencing him consecutively. Appellant concedes the trial court made the requisite findings to support consecutive sentences, but again argues the record does not support such findings.

**{¶34}**  R.C. 2929.14(C)(4) provides for the imposition of consecutive sentences as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶35} The trial court found consecutive sentences are necessary to protect the public from future crime on his part and to punish Appellant, and were not disproportionate to the seriousness of his conduct and the danger he posed to the public. The court further found Appellant committed the offenses as part of several courses of conduct, and the harm caused was so significant that no single prison term adequately reflected the seriousness of his conduct. The court found Appellant's history demonstrated consecutive sentences are necessary to protect the public form future crime. Tr. 48-49; Judgment Entry, September 26, 2016, p.5-6.

**{¶36}** The court's findings are supported by the record. As discussed above, Appellant had a history of both felony and criminal convictions. He previously had community control revoked. He did not stop the relationship on his own or seek counseling, but rather continued until the victim's delivery of the baby brought his conduct to light. The harm caused to the victim by the longstanding relationship and the stillbirth of the baby was significant. We find the trial court did not err in imposing consecutive sentences.

**{¶37}** The second assignment of error is overruled.

**{¶38}** The judgment of the Fairfield County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Baldwin, J. and

Wise, Earle, J. concur