[Cite as *State v. Sheppard*, 2018-Ohio-1494.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER SHEPPARD | : | Case No. 17-COA-027 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Court of Common
                                     Pleas, Case No. 17-CRI-082

JUDGMENT:                            Affirmed

DATE OF JUDGMENT:                    April 16, 2018

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL                     RUTH R. FISCHBEIN-COHEN
Prosecuting Attorney                       3552 Severn Road
By: Victor R. Perez                        Cleveland, OH  44118
Assistant Prosecuting Attorney
110 Cottage Street
Ashland, OH  44805

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Christopher Sheppard appeals the August 7, 2017 judgment of conviction and sentence of the Court of Common Pleas of Ashland County. Ohio. Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 8, 2017, the Ashland County Grand Jury returned an indictment charging appellant with four counts of aggravated trafficking in drugs, one count of conspiracy to trafficking in drugs, and one count of possession of criminal tools. The charges contained various specifications.

{¶ 3}   Following negotiations with the state, appellant entered pleas of guilty to count one of the indictment, aggravated trafficking in drugs in the vicinity of a school, with a forfeiture specification, and count five, conspiracy to aggravated trafficking in drugs, methamphetamine, with the amount of the drug equal to or exceeding the bulk amount, but less than five times the bulk amount. This charge also contained a forfeiture specification. In exchange the state dismissed the balance of the indictment and stood silent on sentencing.

{¶ 4}   The facts available within the record indicate that as to count one of the indictment, between April 24 and May 3, 2017, appellant sold methamphetamine to an individual in the parking lot of a Citgo gas station which is situated next to a school. As to count five of the indictment, between April 24, 2017 and May 25, 2017, while appellant was incarcerated, he placed phone calls to his mother directing her to retrieve methamphetamine he had hidden at his residence and to sell it so she could post his bond with the proceeds. Officers later seized the methamphetamine from the location

where appellant had told his mother it would be found. The stash equaled or exceeded the bulk amount, but was less than five times the bulk amount.

{¶ 5} By judgement entry filed August 7, 2017, the trial court sentenced appellant to 24 months incarceration on count one and a consecutive three years of community control on count five.

{¶ 6} Appellant filed an appeal and the matter is now before this court for consideration. Assignments of error are as follow:

I

{¶ 7} "WHETHER A PERSON'S LIBERTY RIGHT, GUARANTEED UNDER THE UNITED STATES CONSTITUTION, AS FAIR PROCESS, ARE VIOLATED WHEN HE RECEIVES A MULTIPLE SENTENCE FOR ACTS THAT ARE SIMILAR AND ARISE FROM THE SAME TRANSACTION. WHETHER THESE SENTENCES SHOULD BE MERGED UNDER THE ALLIED OFFENSES OF SIMILAR IMPORTS STATUTE."

II

{¶ 8} "SINCE OHIO LAW PRESUMES SENTENCES TO RUN CONCURRENT, WHETHER A CONSECUTIVE SENTENCE IS CONTRARY TO LAW WHEN PUNISHING A DEFENDANT FOR A FELONY FOUR AND A FELONY THREE. THIS IS IN LIGHT OF THE FACT THAT THE DEFENDANT HAS SHOWN REMORSE AND ACCEPTS RESPONSIBILITY FOR HIS WRONGDOING. IN ESSENCE, WHETHER A CONSECUTIVE SENTENCE IN SUCH A CASE IS DISPROPORTIONATE TO THE CRIME COMMITTED, OR TO THE PERSON HAVING COMMITTED THE CRIME."

I

{¶ 9} In his first assignment of error, appellant argues the trial court failed to merge allied offenses of similar import. We disagree.

{¶ 10} R.C. 2941.25 addresses multiple counts and states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 11} In *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Ohio Supreme Court revised its allied-offense jurisprudence:

1.      In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors – the conduct, the animus, and the import.

2.      Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses

involving separate victims or if the harm that results from each offense is separate and identifiable.

3.      Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶ 12} The Court further explained:

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

{¶ 13}   *Ruff* at ¶ 31.

{¶ 14}   Here, count one of the indictment stems from conduct before appellant's incarceration, when appellant sold methamphetamine to an individual in the parking lot of a Citgo station. As for count five, after appellant had been arrested for trafficking offenses,

via telephone from the jail, he coached his mother to sell his methamphetamine stash in order to raise funds for his bond. These offenses were clearly committed separately and with separate motivation.

{¶ 15}   The first assignment of error is overruled.

II

{¶ 16}   In his second assignment of error, appellant argues the trial court erred in imposing consecutive sentences. He argues that the trial court failed to make the appropriate proportionality findings pursuant to R.C. 2929.14(C) before imposing consecutive sentences, that consecutive sentences constitute a drain on resources, and that he is remorseful for his crimes. We find no error in the trial court's sentence.

{¶ 17}   First, R.C. 2929.13(A) grants the trial court discretion to find a prison term appropriate for one offense while finding community control appropriate for another offense, and to order those sentences served consecutively, That section states: Except as provided in division (E), (F), or (G) of this section, and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code."

{¶ 18}   Second, R.C. 105(A) defines imprisoned or imprisonment as "* * * being imprisoned under a sentence imposed for an offense or serving a term of imprisonment, prison term, jail term, term of local incarceration, or other term under a sentence imposed for an offense in an institution under the control of the department of rehabilitation and correction, a county, multicounty, municipal, municipal-county, or multicounty-municipal

jail or workhouse, a minimum security jail, a community-based correctional facility, or another facility described or referred to in section 2929.34 of the Revised Code for the type of criminal offense and under the circumstances specified or referred to in that section.

{¶ 19} Next, R.C 2929.14(C) sets forth the analysis a trial court must engage in before imposing consecutive prison sentences:

(4) If multiple *prison terms* are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the *prison terms* consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that single *prison term* no for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 20}  Emphasis added.

{¶ 21}  Here, appellant was not sentenced to consecutive prison terms. We addressed this same complaint with an identical sentence in *State v. Kinder*, 5th Dist. Delaware No. 03CAA12075, 2004-Ohio-4340. In that matter Kinder, was also sentenced to a prison term on one offense and a consecutive term of community control to commence upon his release from prison on a second offense. We found a term of community control did not render Kinder imprisoned within the meaning of R.C. 1.05, and the trial court was therefore not required to recite findings for consecutive sentences. *Id.* at ¶34.

{¶ 22} Likewise here, the trial court was not required to make consecutive sentence findings where appellant was sentenced to a single term of imprisonment.

{¶ 23} The second assignment of error is overruled.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/rw