[Cite as *State v. Imler*, 2020-Ohio-159.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 19-CA-21 |
| | : | 19-CA-22 |
| JACKIE IMLER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court
of Common Pleas, Case Nos. 15-CR-
134 and 17-CR-219

JUDGMENT:                    REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      January 15, 2020

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

R. KYLE WITT                            THOMAS R. ELWING
FAIRFIELD CO. PROSECUTOR                60 West Columbus Street
CYNTHIA ELLISON                         Pickerington, OH 43147
239 West Main, 101
Lancaster, OH 43130

*Delaney, J.*

{¶1}　Appellant Jackie Imler appeals from the April 8, 2019 Entries Revoking Community Control of the Fairfield Court of Common Pleas.　Appellee is the state of Ohio.

{¶2}　This is a consolidated appeal of 5th Dist. Fairfield No. 19-CA-21 and 19-CA-22.

## FACTS AND PROCEDURAL HISTORY

{¶3}　In August 2015, appellant entered guilty pleas to one violation of child endangering pursuant to R.C. 2919.22(B)(6), a felony of the third degree [Count I], and one count of illegal assembly or possession of chemicals for the manufacture of drugs pursuant to R.C. 2925.041(A), also a felony of the third degree [Count III].　The matter was docketed as Fairfield County Court of Common Pleas case number 15-CR-134.　The trial court imposed a prison term of 18 months upon Count III, and a 3-year term of community control upon Count I, to be served consecutively to the prison term.　The trial court reserved the authority to impose an additional prison term of 12 months if appellant violated the terms of community control.

{¶4}　In November 2015, appellant sought and was granted early judicial release from the 18-month prison term.　Appellant then began to serve the 3-year term of community control.

{¶5}　On May 11, 2017, appellant appeared before the trial court upon allegations she violated the terms of community control in case number 15-CR-134, and upon a new bill of information for one count of aggravated drug possession pursuant to R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree.　The latter charge was docketed as Fairfield County Court of Common Pleas case number 17-CR-219.

{¶6} Appellant admitted violating the terms of community control and entered a plea of guilty to the new drug possession charge. In case number 15-CR-134, the trial court ordered appellant to serve the balance of the 18-month prison term [Count III]. The trial court further ordered that appellant would remain on community control for the offense of child endangering [Count I].

{¶7} In case number 17-CR-219, the trial court imposed a 3-year term of community control to be served consecutively to the sentence in 15-CR-134. The trial court ordered the 3-year term of community control to be tolled while appellant was in prison and reserved the authority to order an 8-month term of imprisonment for a future violation of the terms of community control.

{¶8} On April 8, 2019, appellant again appeared before the trial court to admit violating the terms of community control. The trial court thereupon imposed the reserved 12-month term [Count I, 15-CR-134] and the reserved 8-month term [17-CR-219] for a total prison term of 20 months.

{¶9} Appellant now appeals from the trial court's "Entry Revoking Community Control" of April 8, 2019 in case number 15-CR-134 and its "Entry Revoking Community Control" of April 8, 2019 in case number 17-CR-219.

{¶10} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶11} "THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM AS A SANCTION FOR VIOLATING COMMUNITY CONTROL WHERE THE SENTENCE PLACING APPELLANT ON COMMUNITY CONTROL SANCTIONS WAS NOT AUTHORIZED BY STATUTE AND WAS THEREFORE VOID."

**ANALYSIS**

{¶12} Appellant argues the trial court erred in imposing a community-control sanction on one or more felony counts to be served consecutively to a term of imprisonment imposed upon one or more other felony counts.  We agree.

{¶13} We begin by noting that appellee concedes the trial court erred in sentencing appellant to a term of community control to be served consecutively to a term of imprisonment in case numbers 15-CR-134 and 17-CR-219.

{¶14} We previously approved sentences in which a trial court imposed community control consecutive to a prison term. In *State v. Hitchcock*, we determined that in a case in which a defendant is sentenced on three separate counts, a trial court may impose two sixty-month prison terms, consecutive to each other (Counts I and II), and consecutive to a term of community control (Count III). 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, appeal accepted, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877. See also, *State v. Williams*, 5th Dist. Fairfield No. 17-CA-43, 2018-Ohio-4580, ¶ 22, *motion to certify allowed,* 154 Ohio St.3d 1519, 2019-Ohio-768, 118 N.E.3d 257.

{¶15} The Ohio Supreme Court has now overruled our decision, determining as follows in *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, at ¶ 24:

> Because no provision of the Revised Code authorizes trial
>
> courts to impose community-control sanctions on one felony count
>
> to be served consecutively to a prison term imposed on another
>
> felony count, we must conclude that trial courts may not do so. We
>
> accordingly * * * conclude that unless otherwise authorized by

statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count.

{¶16} Therefore, we conclude that in the instant case, the trial court was not authorized to impose a term of community control consecutive to a term of imprisonment. Appellant's sentences are reversed and vacated, and this matter is remanded to the trial court for further proceedings.

## CONCLUSION

{¶17} Appellant's sole assignment of error is sustained.  We accordingly reverse the judgment of the Fairfield County Court of Common Pleas and remand this case to the trial court for resentencing consistent with this opinion.  *Hitchcock*, supra, 2019-Ohio-3246 at ¶ 25.

By:  Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.