[Cite as *State v. Siemering*, 2018-Ohio-3541.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170611 |
| | | TRIAL NO. B-1106810 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JOHN SIEMERING, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  September 5, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jonathan Siemering*, pro se.

Per Curiam.

{¶1}    Defendant-appellant John Siemering appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion to Vacate Void 4/25/17 Judgment Entry Via * * * 2/2/12 Void Ab Initio Judgment Entry." Because the common pleas court had no jurisdiction to grant the relief sought in that motion, we affirm the court's judgment as modified to dismiss the motion.

{¶2}    Siemering was convicted on February 2, 2012, upon guilty pleas to five counts of burglary. For the burglary charged in count five of the indictment, the trial court imposed a prison term of four years. For each burglary charged in counts six through nine, the court ordered that Siemering, "[u]pon completion of [his] sentence of confinement in the Department of Corrections[,] * * * [be] placed on Community Control [for] 5 yrs neighborhood directed supervision," that his community control "commence on or about October 10, 2015," and that, as a condition of community control, Siemering "enter and successfully complete the River City program and postresidential community supervision." The judgment of conviction also stated that the court had "advised [Siemering] that if [he] violates the terms and conditions of community control, the court would impose a prison term of thirty-two (32) years in the department of corrections but * * * [would] limit [his] department of corrections exposure to sixteen (16) years."

{¶3}    Siemering completed his four-year prison term in October 2015. By entry dated October 30, 2015, the trial court "placed" him on community control and again ordered that he "enter and successfully complete the River City Correctional Center and Aftercare."

{¶4}    Siemering was convicted of violating his community control in 2016 and 2017. In the October 25, 2016 judgment of conviction, the trial court sanctioned his community-control violation by "continu[ing] [his five-year term of] community control as previously ordered," adding two years of community control to the original five-year term, and ordering him to complete the residential and nonresidential

2

components of the River City program. In the April 25, 2017 judgment of conviction, the court sanctioned his community-control violation by imposing concurrent prison terms of two years for two counts of burglary, to be served consecutively with consecutive four-year terms for the other two burglary counts, for a total of ten years.

{¶5} Siemering took no direct appeal from his 2012 burglary convictions or from his 2016 or 2017 convictions for violating community control. In August 2017, he filed with the common pleas court his "Motion to Vacate Void 4/25/17 Judgment Entry Via * * * 2/2/12 Void Ab Initio Judgment Entry." In that motion, he sought relief from his 2017 community-control-violation convictions, on the ground that those convictions were void. He argued that his 2017 convictions for violating the community-control sanctions imposed upon his 2016 convictions were void, because the 2012 convictions from which the 2016 and 2017 convictions derived were void ab initio, when the trial court, in 2012, lacked the statutory authority to order that his community control be served consecutively to his prison term. And he asserted that the trial court had no authority to impose a prison term for his 2017 community-control violations, because the court, in sentencing him for his 2016 community-control violations, failed to notify him of the prison term that would be imposed if he again violated community control.

{¶6} In this appeal, Siemering advances two assignments of error challenging the overruling of his motion. We address the assignments of error together. And we overrule them, upon our determination that the common pleas court had no jurisdiction to grant the relief sought in the motion.

### No Jurisdiction under Postconviction Statutes or Rules

{¶7} Siemering did not specify in his postconviction motion a statute or rule under which the relief sought may have been afforded. The common pleas court was, therefore, left to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶8} But the motion was not reviewable under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, because the motion sought relief based on alleged statutory, rather than constitutional, violations. *See* R.C. 2953.21(A)(1). The motion was also not reviewable as a motion for a new trial under Crim.R. 33 or as a motion to withdraw guilty pleas under Crim.R. 32.1, because Siemering was not convicted following a trial, but upon guilty pleas, and his motion did not seek withdrawal of those pleas. Nor was the motion reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, when the motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to review pursuant to the procedures provided under Civ.R. 60(B) the challenges advanced in the motion, because Siemering's 2012, 2016, and 2017 convictions had been reviewable under the procedures provided for a direct appeal. *See State v. Smith*, 1st Dist. Hamilton Nos. C-150445 and C-150446, 2016-Ohio-3521, ¶ 19. Accordingly, the postconviction statutes and rules did not confer upon the common pleas court jurisdiction to entertain the challenges advanced in Siemering's motion.

### No Jurisdiction to Correct Judgments as Void

{¶9} Nor were the sentencing errors alleged in Siemering's motion subject to correction under the jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.

{¶10} *Prison-term notification.* In his motion, Siemering challenged the trial court's authority to sentence him to prison in 2017 for violating the community-control sanctions imposed in 2016 for violating his 2012 community-control sanctions. R.C. 2929.15(B) and 2929.19(B)(4) required the trial court, as a prerequisite to imposing his 2017 prison terms, to notify him at his 2016 sentencing hearing of the specific prison terms that could be imposed for violating the

conditions of his 2016 community-control sanctions. *See State v. Fraley,* 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17 (holding that the sentencing hearing conducted after finding a community-control violation constitutes "a second sentencing hearing[,] [at which] the court sentences the offender anew and must comply with the relevant sentencing statutes"); *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraphs one and two of the syllabus (construing R.C. 2929.15(B) to require, at the sentencing hearing, the notification mandated by former R.C. 2929.19(B)(5), now R.C. 2929.19(B)(4), as a prerequisite to imposing a prison term for a subsequent community-control violation). Siemering sought by his motion relief from his 2017 prison sentences on the ground that those sentences were not authorized by statute, and were thus void, because the trial court had failed to provide at his 2016 sentencing hearing the statutorily required notification. *See State v. Wurzelbacher,* 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant,* 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a sentence is void if the sentencing court had no statutory authority to impose it).

{¶11} We note that the record on appeal does not include a transcript of the proceedings at Siemering's 2016 sentencing hearing. An indigent offender is entitled to a transcript of the proceedings leading to his conviction if he has pending either a direct appeal or a postconviction proceeding. *State ex rel. Partee v. McMahon,* 175 Ohio St. 243, 248, 193 N.E.2d 266 (1963); *State v. Hawkins,* 1st Dist. Hamilton No. C-74425, 1975 Ohio App. LEXIS 7551 (July 7, 1975). But Siemering took no direct appeal from his 2012 burglary convictions or from his 2016 or 2017 convictions for violating community control. Nor did he request that a transcript of proceedings be prepared for the common pleas court's decision on his postconviction motion. Thus, in deciding that motion, the common pleas court did not have before it a transcript of the proceedings at his 2016 sentencing hearing. And in the absence of that

transcript, the record before us cannot be said to manifest the error of which Siemering now complains.

{¶12} *Consecutive sentences.* Siemering also sought in his motion relief from his 2017 community-control-violation convictions on the ground that the 2012 convictions from which his 2017 convictions derived were void ab initio because the trial court, in 2012, lacked the statutory authority to order that his prison term and his community-control sanctions be served consecutively. The issue presented by this challenge—whether a trial court may order that a term of community control imposed for one offense be served consecutively to, or following the completion of, a prison term imposed for another offense—is presently pending before the Ohio Supreme Court upon a certified conflict between the Fifth Appellate District and the Eighth and Twelfth Appellate Districts. The Eighth District in *State v. Anderson,* 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.), and the Twelfth District in *State v. Ervin,* 12th Dist. Butler No. CA2016-04-079, 2017-Ohio-1491, found no statutory authority for imposing a community-control sanction consecutive to, or following the completion of, a sentence of confinement imposed for a separate offense and held that any community-control sanction so imposed is "void." *Anderson* at ¶ 31 and 11; *Ervin* at ¶ 23. Unpersuaded by those decisions, the Fifth District in *State v. Hitchcock*, 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, *motion to certify allowed*, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877, concluded, to the contrary, that a trial court has discretion and the statutory authority to order that a community-control sanction imposed for one offense commence upon the offender's release from a prison term imposed for a separate offense. *Id.* at ¶ 8-22.

{¶13} Compelled by the reasoning of the Fifth District's decision in *Hitchcock*, we conclude that Siemering's 2012 burglary convictions, from which his 2017 community-control-violation convictions derived, were not void ab initio, because the trial court, in 2012, had the discretion and statutory authority to order

that the five-year community-control sanctions imposed for the burglaries charged in counts six through nine of the indictment "commence" "[u]pon completion" of the four-year prison sentence for the burglary charged in count five. Accordingly, we hold that the common pleas court had no jurisdiction to correct as void the sanctions imposed for Siemering's 2017 community-control violations.

### *Affirmed as Modified*

{¶14}    Because the common pleas court had no jurisdiction to entertain Siemering's "Motion to Vacate Void 4/25/17 Judgment Entry Via * * * 2/2/12 Void Ab Initio Judgment Entry," the motion was subject to dismissal. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motion. And we affirm the judgment as modified.

Judgment affirmed as modified.

**MOCK, P.J., MILLER** and **DETERS, JJ.**


Please note:

The court has recorded its own entry on the date of the release of this opinion.