[Cite as *State v. Reed*, 2018-Ohio-4518.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106814**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**SAMUEL REED, JR.**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-08-515567-A

**BEFORE:** Kilbane, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 8, 2018

**APPELLANT**

Samuel Reed, pro se
Inmate No. 564351
Richland Correctional Institution
1001 Olivesburg Road
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Frank Romeo Zeleznikar
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Samuel Reed, Jr. ("Reed"), pro se, appeals the trial court's denial of his postconviction motion to correct a void sentence. For the reasons set forth below, we affirm.

{¶2} In August 2008, Reed was charged in a 12-count indictment for the murder of David Slapak. Counts 1-3 charged him with aggravated murder. Counts 4-6 charged him with aggravated burglary. Counts 7-9 charged him with aggravated robbery. Counts 10-11 charged him with kidnapping.[1] Count 12 charged him with having a weapon while under disability ("HWWUD").

---

[1] Counts 1-11 carried various specifications.

{¶3} The matter proceeded to a jury trial on Counts 1 through 11. Reed executed a jury waiver for Count 12, which was tried before the bench._ At the conclusion of trial, the jury found Reed not guilty of aggravated murder in Count 1, guilty of aggravated murder in Counts 2 and 3, with firearm specifications, and not guilty of the accompanying felony murder specifications. The jury found Reed guilty of Counts 4-11, all with firearm specifications as charged in the indictment. The trial court found Reed guilty of Count 12._

{¶4} The trial court sentenced Reed to an aggregate term of incarceration ranging from 32 years to life in prison. Reed then filed his direct appeal to this court in *State v. Reed*, 8th Dist. Cuyahoga No. 93346, 2010-Ohio-1866. On appeal, Reed challenged his convictions, trial counsel's effectiveness, and his sentence. In Reed's pro se supplemental brief, Reed challenged his HWWUD conviction. Finding his arguments unpersuasive, this court affirmed his convictions and sentence. *Id.* at ¶ 86.

{¶5} In January 2010, Reed filed a pro se petition for postconviction relief with the trial court, challenging the effectiveness of trial counsel. The state opposed, and the trial court denied the motion. The court found no genuine issue as to any material fact and found that Reed did not establish a substantial constitutional issue. Following the denial of the petition for postconviction relief, Reed filed two separate pro se motions to dismiss. The state opposed both motions, and the court denied them as being barred by Crim.R. 12(C) and the doctrine of res judicata.

{¶6} Then in January 2018, Reed filed a motion to correct a void sentence and requested a hearing. In this motion, Reed argued that because the jury found him not guilty of the accompanying felony murder specifications on Counts 2 and 3 (aggravated murder), the jury acquitted him of aggravated murder because the not guilty findings negated one or more of the

essential elements of aggravated murder. As a result, he contends that the trial court did not have jurisdiction to sentence him on those counts. The state opposed Reed's motion, arguing that it is an untimely petition for postconviction relief and is barred by res judicata. The trial court agreed with the state and denied Reed's motion. The court found that the motion was "an untimely petition for post-conviction relief, [and was] barred by the doctrine of res judicata."

{¶7} It is from this order that Reed appeals, raising the following eight assignments of error, which shall be discussed together where appropriate.

## Assignment of Error One

The trial court erred when it sua sponte raised an affirmative res judicata defense against [Reed] without giving [him] notice and an opportunity to respond to the new raised issue.

## Assignment of Error Two

The trial court violated the Supreme Court's holdings in *Castro v. United States*, 540 U.S. 375, by sua sponte recharacterizing [Reed's] motion to correct void sentence and dismissed said motion without giving [Reed] notice and an opportunity to respond.

## Assignment of Error Three

The trial court erred when it denied [Reed's] motion to correct void sentence.

## Assignment of Error Four

The trial court erred when it failed to impose and notify [Reed] of the consequences for violating post-release control, thereby rendering the sentences void.

## Assignment of Error Five

The trial court erred by sentencing [Reed] to twenty-five (25) years to life sentences for Aggravated Murder, because said sentences are void and contrary to law under R.C. 2929.03(A)(1)(c).

<u>Assignment of Error Six</u>

The trial court erred by imposing multiple sentences on Counts 2 and 3, after concluding both counts were allied offenses of similar import, thereby rendering the sentences contrary to law and void.

<u>Assignment of Error Seven</u>

The trial court erred when it imposed an illegal ambiguous sentence.

<u>Assignment of Error Eight</u>

The state appellate court deprived [Reed] adequate and effective appellate review in violation of the due process clauses to the fourteenth amendment to the United States Constitution when this court denied [Reed's] motion to expand the record with the transcripts in *State v. Reed*, Cuyahoga App. No. 93346.

Reed's Motion to Correct a Void Sentence —<br><u>Res Judicata & Petition for Postconviction Relief</u>

**{¶8}** In the first, second, and third assignments of error, Reed challenges the trial court's denial of his motion to correct a void sentence on the grounds of an untimely petition for postconviction relief and res judicata. He argues the trial court should have given him an opportunity to respond before it sua sponte denied his motion as being barred by the doctrine of res judicata. Reed, relying on *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), further argues the trial court erred by sua sponte recharacterizing his motion to correct a void sentence as a petition for postconviction relief without giving him an opportunity to respond.[2]

**{¶9}** In the instant case, the record reflects that the trial court did not sua sponte raise the issue of res judicata or postconviction relief. The issue of res judicata was initially raised by

---

[2]In *Castro*, the United States Supreme Court held that a court cannot recharacterize a pro se defendant's motion for a new trial as the defendant's first federal habeas claim regardless of whether defendant appealed the recharacterization, because the lower court did not inform defendant of its intent to recharacterize, warn defendant concerning restrictions on second or successive petitions, nor provided defendant with an opportunity to withdraw or amend the filing. *Id.* at 377.

Reed in his motion to correct a void sentence. He states that the doctrine of res judicata does not bar the trial court from correcting the void sentences on the aggravated murder charges (Counts 2 and 3). In his motion, he argues that the not guilty verdicts on the felony murder specifications attached to Counts 2 and 3 rendered an acquittal on these charges. He contends that his constitutional rights to due process were violated when he was not acquitted on those charges. He further contends that his motion should not be characterized as a petition for postconviction relief.

{¶10} In the state's opposition to Reed's motion, the state argued that Reed's motion is barred by the doctrine of res judicata. The state contended that despite Reed's motion caption, Reed was actually challenging the jury's guilty findings on Counts 2 and 3, claiming that his constitutional rights were violated when he was sentenced on those charges. The state, citing *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, contended that this challenge is actually a petition for postconviction relief.

{¶11} In *Reynolds*, the defendant, after his direct appeal, filed a motion to correct or vacate his sentence with the trial court, seeking to vacate his sentence for a gun specification because the state allegedly did not prove that the firearm used in the robbery was operable beyond a reasonable doubt. *Id.* at 160. The defendant alleged that his sentence for the firearm specification was illegal or otherwise constitutionally repugnant and should be vacated. *Id.* The Ohio Supreme Court found that the defendant's motion to correct or vacate his sentence, despite its caption, met the definition of a motion for postconviction relief as set forth in R.C. 2953.21(A)(1), because "it is a motion that (1) was filed subsequent to [defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *Id.*

**{¶12}** Similarly, in the instant case, Reed frames his argument as a challenge to a void sentence, but he is challenging the jury's guilty findings on aggravated murder in light of the jury's not guilty findings on the accompanying felony murder specifications, arguing that the findings violate his constitutional rights.[3]  Accordingly, we likewise find that Reed's motion to correct a void sentence is a petition for postconviction relief, which was untimely filed.

**{¶13}** In order for a petition for postconviction relief to be filed timely, the petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[,]" except as otherwise provided in R.C. 2953.23.  R.C. 2953.21(A)(2).

**{¶14}** Here, the transcript in Reed's direct appeal was filed in July 2009.  Thus, the time for filing his petition expired over eight years ago in July 2010.  When a petition for postconviction relief is filed outside the time limit set forth in R.C. 2953.21(A)(2), a court may not entertain the petition unless both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]

R.C. 2953.23(A)(1).

**{¶15}** Reed does not meet the first prong set forth in R.C. 2953.23(A)(1) because he did not establish that he was unavoidably prevented from discovering facts for which he must rely on

---

[3]We recognize that the doctrine of res judicata does not bar appellate review of a void or illegal sentences.  *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40.

to present his claim for relief. Reed also does not meet the second prong as he did not present the trial court with any new evidence that he was unaware of at the time of trial. Therefore, Reed's petition for postconviction relief is untimely.

{¶16} Even if Reed's motion for postconviction relief was timely filed, or if one of the exceptions under R.C. 2953.23 applied, the doctrine of res judicata barred the trial court from considering his claims.

{¶17} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. "Res judicata promotes the principle of finality of judgments by requiring parties to present every ground for relief in the first action." *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16, *discretionary appeal not allowed*, 106 Ohio St.3d 1536, 2005-Ohio-5146, 835 N.E.2d 384, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178. Res judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated. *Id.*, citing *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421. As a result, any issue that a defendant could have raised on direct appeal, but chose not to, will be barred by res judicata and not subject to review in subsequent proceedings. *Id.* at ¶ 17, citing *State v. Jackson*, 11th Dist. Trumbull No. 98-T-0182, 2000 Ohio App. LEXIS 1423 (Mar. 31, 2000).

{¶18} In Reed's motion, he challenges the jury's findings of guilt for aggravated murder. The thrust of his motion is that his aggravated murder convictions must be vacated since the jury found him not guilty of the accompanying felony murder specifications. Reed could have raised this issue on direct appeal, but did not. Reed's sentences and convictions were reviewed by this

court in his direct appeal and were affirmed. *Reed*, 8th Dist. Cuyahoga No. 93346, 2010-Ohio-1866. Therefore, Reed is now barred by the doctrine of res judicata from challenging his aggravated murder convictions.

{¶19} Accordingly, the first, second, and third assignments of error are overruled.

Sentence

{¶20} In the fourth, fifth, sixth, and seventh assignments of error, Reed raises new sentencing issues that were not raised in his motion below from which he appealed. He challenges the trial court's imposition of postrelease control and other errors he alleges that were made by the trial court at sentencing.

{¶21} However, the motion Reed filed with the trial court that is the subject of this appeal challenges his aggravated murder convictions. Said motion did not raise an issue concerning postrelease control or the other alleged sentencing errors. As a result, these issues are not properly before this court. The proper procedure is to first raise the issues in the court below. "Generally, an appellate court will not consider a legal theory or issue a party failed to raise in the trial court. *See, e.g., State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993)." *In re J.M.G.*, 8th Dist. Cuyahoga No. 98990, 2013-Ohio-2693, ¶ 13. This court cannot render a decision on Reed's sentencing issues. We are not a court of first instance. *Federico v. Lyndhurst*, 8th Dist. Cuyahoga No. 40388, 1980 Ohio App. LEXIS 13848, 12 (Feb. 22, 1980).

{¶22} Thus, the fourth, fifth, sixth, and seventh assignments of error are overruled.

Motion to Expand the Record

{¶23} In the eighth assignment of error, Reed argues this court deprived him of adequate and effective appellate review when we denied his motion to expand the record with the

transcripts in his direct appeal. Reed did not raise this issue in his motion with the trial court.

{¶24} The proper mechanism to challenge this court's denial of that motion would have been through an application for reconsideration under App.R. 26. Reed did not utilize that mechanism.

{¶25} Accordingly, the eighth assignment of error is overruled.

{¶26} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR