[Cite as *State v. Bickley*, 2019-Ohio-16.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

WENDY BICKLEY,

    DEFENDANT-APPELLANT.

CASE NO. 14-18-05

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

WENDY BICKLEY,

    DEFENDANT-APPELLANT.

CASE NO. 14-18-06

O P I N I O N

Appeals from Union County Common Pleas Court
Trial Court Nos. 17-CR-0147 and 17-CR-0146

Judgments Affirmed

Date of Decision:  January 7, 2019

**APPEARANCES:**

*Natalie J. Bahan* **for Appellant**

*Andrew M. Bigler* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Wendy Jo Bickley ("Bickley") appeals the judgments of the Union County Court of Common Pleas, alleging that the trial court committed several errors during sentencing. For the reasons set forth below, the judgments of the trial court are affirmed.

*Facts and Procedural History*

{¶2} On February 27, 2017, Bickley was at home with her husband, Jason Bickley ("Jason"). Tr. 5. She was aware that her husband had ingested heroin that evening, but, when she discovered that Jason was unconscious and having difficulty breathing, she did not immediately call for emergency medical assistance. Tr. 5-6. At some point, she was in contact with Jason's mother, who urged Bickley to call for help. Tr. 12. Eventually, Bickley called 9-1-1. Tr. 12. Before the emergency personnel arrived, Bickley deleted a number of incriminating text messages. Tr. 23. At the hospital, Jason showed no signs of brain activity and was placed on life support. Tr. 6. While Jason was still in the hospital, Bickley went to a pharmacy and had Jason's prescriptions for Hydrocodone filled. Tr. 6, 37. Jason died on February 28, 2017. Tr. 37.

{¶3} On July 28, 2017, Bickley was indicted for one count of tampering with evidence in violation of R.C. 2921.12(A)(1). Doc. A1.[1] This charge formed the basis of case 17-CR-0146. Doc. A1. On July 28, 2017, Bickley was also indicted for one count of deception to obtain a dangerous drug in violation of R.C. 2925.22(B)(2)(c); one count of aggravated possession of drugs in violation of R.C. 2925.11(A); and one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1). Doc. B1. These charges formed the basis of case 17-CR-0147. Doc. B1. On January 19, 2018, Bickley pled guilty to one count of tampering with evidence in case 17-CR-0146 and one count of deception to obtain a dangerous drug in case 17-CR-0147. Doc. A27, B27.

{¶4} On January 31, 2018, Bickley appeared before the trial court for sentencing. Tr. 4. At the hearing, a victim advocate read two victim impact statements. Tr. 13, 15. The first was from the mother of one of Jason's children. Tr. 13. The second statement was from Jason's mother. Tr. 15. The trial court then ordered that Bickley be placed on community control for five years for the crime of tampering with evidence in case 17-CR-0146. Doc. A33. The trial court then sentenced Bickley to six years in prison for the crime of deception to obtain a dangerous drug in case 17-CR-0147. Doc. B29. The trial court ordered that the

---

[1] Numbers preceded by the letter "A" refer to the docket for case 17-CR-0146; numbers preceded by the letter "B" refer to the docket for case 17-CR-0147.

period of community control was to be tolled until Bickley completed her prison term.  Doc. A33.

{¶5} Appellant filed her notice of appeal on February 21, 2018.  Doc. A37, B33.  On appeal, Bickley raises the following assignments of error:

### First Assignment of Error

**The trial court erred in imposing consecutive sentences by not considering the factors as enumerated in R.C. 2929.14(C)(4).**

### Second Assignment of Error

**The trial court erred in imposing a prison sentence to run consecutive to a community control sanction.**

### Third Assignment of Error

**The trial court committed prejudicial error when it relied on victim impact testimony and other information in sentencing.**

*First Assignment of Error*

{¶6} Bickley argues that the trial court erred by imposing consecutive sentences without making the statutory findings required by R.C. 2929.14(C)(4).

Legal Standard

{¶7} R.C. 2929.14(C)(4) requires trial courts to make certain statutory findings in specified situations and reads as follows:

> **(4)** *If multiple prison terms are imposed* **on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the**

**offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

**(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

(Emphasis added.)  R.C. 2929.14(C)(4).  Under R.C. 2929.01(E), a

**"[c]ommunity control sanction" means a sanction that *is not a prison term* and that is described in section 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Code or a sanction that is not a jail term and that is described in section 2929.26, 2929.27, or 2929.28 of the Revised Code.**

(Emphasis added.)  R.C. 2929.01(E).[2]

Legal Analysis

**{¶8}** In this case, the trial court imposed one term of community control and one prison term.  The text of R.C. 2929.14(C)(4) clearly states that this provision applies to situations in which "multiple *prison terms* are imposed * * *." (Emphasis

---

[2] R.C. 1.05 puts a term in a community-based correctional facility (CBCF) within the definition of "imprisonment."  R.C. 1.05.  However, incarceration in a CBCF is not at issue in this case.

added.) R.C. 2929.14(C)(4). Under R.C. 2929.01(E), a community control sanction "is not a prison term." R.C. 2929.01(E). Thus, the trial court did not impose multiple prison terms. For this reason, we find that R.C. 2929.14(C)(4) does not apply to the facts of this case. *State v. Malone*, 2016-Ohio-5556, 61 N.E.3d 46, ¶ 14 (3d Dist.); *State v. Bates*, 6th Dist. Williams No. WM-12-002, 2013-Ohio-1270, ¶ 68; *State v. Tucker*, 2017-Ohio-7735, 97 N.E.3d 1056 (10th Dist.). Thus, Bickley's first assignment of error is overruled.

*Second Assignment of Error*

{¶9} Bickley argues that community control sanctions cannot be ordered consecutively to a prison sentence.

Legal Standard

{¶10} Under the Ohio Revised Code, trial courts have broad discretion to fashion felony sentences. *Malone, supra*, at ¶ 11. R.C. 2929.13(A) reads as follows:

> **Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.**

R.C. 2929.13(A). In fashioning a sentence, the trial court is to exercise its discretion consistent with the overriding purposes of felony sentencing as set forth in R.C. 2929.11(A), which reads as follows:

> **A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding**

-6-

> **purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.**

R.C. 2929.11(A).

Legal Analysis

**{¶11}** This assignment of error raises an issue that is the subject of a certified conflict currently pending before the Supreme Court of Ohio. *State v. Hitchcock*, 152 Ohio St.3d 1045, 2018-Ohio-723, 92 N.E.3d 877. *See Malone, supra*, at fn. 2. This Court has previously considered this issue. *Malone, supra*, at ¶ 5. In *Malone*, the trial court sentenced the defendant to a prison term for one offense and a period of community control for another offense. *Id.* The trial court tolled the community control sanction until Malone was released from prison. *Id.* On appeal, Malone argued that the trial court impermissibly ordered him to serve these sentences consecutively. *Id.* at ¶ 8. This Court held the following:

> **there is nothing restricting the trial court's authority to order an offender to serve a period of community control sanctions after the completion of a prison term for a separate offense in R.C. 2929.15, the statute governing community control sanctions in felony sentencing.**

*Id*. at ¶ 11. Thus, we affirmed the trial court's decision "to order the period of community control sanctions to be served consecutive to the six-month prison term." *Id*. at ¶ 14. The *Malone* decision was consistent with several other appellate districts that had considered this issue. *State v. Leedy*, 4th Dist. Meigs No. 13CA7, 2015-Ohio-1718, ¶ 8-9; *State v. Kinder*, 5th Dist. Delaware No. 03CAA12075, 2004-Ohio-4340; *State v. Ramsey*, 6th Dist. Wood No. WD-04-004, 2004-Ohio-5677, ¶ 4.

{¶12} However, Bickley relies on a case, *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.), in which the Eighth District overturned its prior precedent and held the opposite of *Malone*. *Anderson* at ¶ 7 (reversing *State v. Heidrick*, 8th Dist. Cuyahoga No. 96822, 2012-Ohio-1739, ¶ 8). Sitting en banc, the Eighth District held that trial courts only have the authority to impose sentences that are expressly authorized by statute. *Id.* at ¶ 6. After determining the Ohio Revised Code was silent on this matter, the Eight District concluded that the legislature did not grant trial courts the authority to order that community control sanctions be served consecutively to a prison term. *Id.* at ¶ 19. *See also State v. Ervin*, 2017-Ohio-1491, 89 N.E.3d 1, ¶ (12th Dist.) (following *Anderson* and holding that trial courts cannot order community control sanctions to be served consecutively to a prison term).

{¶13} After *Anderson* was decided, the Fifth District held, in *State v. Hitchcock*, 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, that trial courts had

-8-

the authority to order that community control sanctions imposed for one offense to be served consecutively to a prison term imposed for another offense.[3]  In reaching this conclusion, the Fifth District stated that the *Anderson* decision

> **essentially removed the court's discretion which is counterintuitive and against the purposes and principles of felony sentencing under R.C. 2929.11. The majority decision eliminated a trial court's discretion to impose community control sanctions on a separate felony count but would leave intact the court's authority to impose a prison term on that count to be served consecutively to the other felony counts, which directly contravenes the General Assembly's directive that trial courts use "the minimum sanctions necessary" to accomplish the principles and purposes of felony sentencing.**

(Citations omitted.)  *Hitchcock* at ¶ 15, citing *Anderson, supra*, at ¶ 48.

**{¶14}** In *Anderson*, the majority relied upon two Supreme Court of Ohio cases: *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, and *State v. Anderson*, 143 Ohio St. 3d 173, 2015-Ohio-2089, 35 N.E.3d 512.[4]  The Fifth District distinguished these two cases from the Hitchcock decision, adopting the reasoning of the dissent in the Eighth District's *Anderson* opinion and stating:

> **The dissent * * * disagreed with the majority concerning the application of R.C. 2929.13(A), concluding *Barnhouse* is limited to prohibiting trial courts from imposing consecutive jail sentences.  The dissenting opinion concluded the Ohio Supreme Court's decision in *Anderson* is not applicable to the instant issue,**

---

[3] The Fifth District clarified that "the language 'consecutive' or 'concurrent' is superfluous when ordering a community control sanction for one offense and a prison sentence for another offense, as the offender cannot begin to serve the community control sanction until his or her release from prison."  *Hitchcock* at ¶ 22.  However, in *Hitchcock*, the trial court did expressly order the community control sanctions to be served "consecutively" to the prison term.  In the case before this Court, the trial court tolled the community control sanction until the completion of Bickley's prison term.  Doc. A33.

[4] This case went to the Ohio Supreme Court on appeal from the Ninth District and was not related to the Eight District *Anderson*, *supra*, case that is in conflict with *Hitchcock, supra*.

**and the en banc majority applied the dicta in that opinion too broadly.**

(Citations omitted.) *Hitchcock* at ¶ 16, citing *Anderson*, *supra*, at ¶ 45-46. The Fifth District concluded that

> **"it is axiomatic that an offender cannot serve a sentence of community control sanctions while in prison. Thus, community control sanctions must begin when an offender is released from prison. Because of this, it is my view that a trial court need not even use the words 'consecutive' or 'concurrent' when sentencing an offender to prison on one felony offense and community control sanctions on a separate felony offense because community control sanctions cannot commence until the offender is released from prison."**

*Hitchcock* at ¶ 15, quoting *Anderson*, *supra*, (Boyle, J., dissenting) at ¶ 49.

{¶15} After reviewing the applicable case law, we find the reasoning of *Hitchcock* to be persuasive. *See also State v. Siemering*, 1st Dist. Hamilton No. C-170611, 2018-Ohio-3541, ¶ 13 (holding that *Hitchcock* was rightly decided). Following *Malone*, we hold that the trial court had the authority to toll the community control sanction that was imposed for one offense until Bickley had served the term in prison that was imposed for the other offense. *Malone, supra*, at ¶ 13; *State v. Williams*, 5th Dist. Fairfield No. 17-CA-43, 2018-Ohio-4518, ¶ 23. *But see State v. Weber*, 5th Dist. Fairfield No. 17-CA-36, 2018-Ohio-3174, ¶ 27, citing *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 13 (*Weber* noted that the Supreme Court of Ohio adopted the rationale rejected by

*Hitchcock* in rendering its decision in *Paige*.). For this reason, Bickley's second assignment of error is overruled.

*Third Assignment of Error*

**{¶16}** Bickley asserts that the trial court erred in considering the two victim impact statements because, under R.C. 2947.051(A), Jason was not a victim of the crime with which she was charged.

Legal Standard

**{¶17}** The Ohio Revised Code directs trial courts to consider a number of factors in the process of sentencing. R.C. 2947.051(A) directs trial courts to order the preparation of a victim impact statement in specified situations and reads, in its relevant part, as follows:

> **(A) In all criminal cases in which a person is convicted of or pleads guilty to a felony, if the offender, in committing the offense, caused, attempted to cause, threatened to cause, or created a risk of physical harm to the victim of the offense, the court, prior to sentencing the offender, shall order the preparation of a victim impact statement * * *. The court * * * shall consider the victim impact statement in determining the sentence to be imposed upon the offender.**

R.C. 2947.051(A). Further, R.C. 2929.12 sets forth a nonexclusive list of factors that trial courts must consider in the process of felony sentencing but also grants trial courts the discretion to "consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).

{¶18} Under R.C. 2929.12(A), trial courts are "permitted to contemplate any other circumstances or factors that are relevant to achieving the purposes and principles of sentencing and are provided significant discretion in determining the weight to be assigned to these and other statutory factors." *State v. Wobbler*, 3d Dist. Putnam No. 12-01-13, 2002-Ohio-2080, ¶ 15. "In contrast to juries, judges are presumed to know the law and expected to consider only relevant, material, and competent evidence during their deliberations." *State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, 779 N.E.2d 1017, ¶ 57.

{¶19} Further, "if defense counsel failed to object to an alleged impropriety below, all but plain error is waived on appeal." *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 23. Under Crim.R. 52(A), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

> **"In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an 'obvious' defect in the trial proceedings, and the error must have affected 'substantial rights.'" "The standard for plain error is whether, but for the error, the outcome of the proceeding clearly would have been otherwise." Notice of plain error is taken "only to 'prevent a manifest miscarriage of justice.'"**

(Citations omitted.) *State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 17. Under Crim.R. 52(B), "the *defendant* bears the burden of demonstrating that a plain error affected his substantial rights." (Emphasis sic.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14.

Legal Analysis

**{¶20}** At the sentencing hearing, the Defense did not raise an objection to a victim's advocate reading these two statements. For this reason, we review the sentencing hearing for plain error. *State v. Allard*, 75 Ohio St.3d 482, 491, 663 N.E.2d 1277 (1996). On appeal, Bickley's argument calls for us to assume that the trial court was not permitted to consider these victim impact statements because the trial court was not required to consider this information under R.C. 2947.051 or R.C. 2903.13. This assumption is not sound.

**{¶21}** While the Revised Code did not require the trial court to order the preparation of a victim impact statement, the Revised Code also did not forbid the trial court from considering this information. R.C. 2947.051; R.C. 2930.13; and R.C. 2929.12(A). Rather, R.C. 2929.12(A) expressly authorizes trial courts to consider any factors or circumstances that it deems to be relevant to effectuating the purposes and principles of sentencing. *State v. Nutter*, 3d Dist. Wyandot No. 16-01-06, 2001 WL 961748, *1 (Aug. 24, 2001). Since there was no statutory prohibition on this information, the trial court had the discretion to consider these victim impact statements and rely upon them inasmuch as they were relevant.

**{¶22}** Even if consideration of these statements constituted error, Bickley has not carried the burden of establishing that her substantial rights were prejudiced. Most of the information in the victim impact statements was produced in other forms during the sentencing hearing or in the record. Thus, the trial court had already

heard much of this information. We cannot find that the trial court abused its discretion in the sentencing process merely because the trial court, at some point, may have heard information that was later alleged to be irrelevant. Since Bickley has not produced evidence to the contrary, we proceed with the presumption that the trial court only relied upon these victim impact statements inasmuch as the information contained therein was relevant. For these reasons, Bickley's third assignment of error is overruled.

## *Conclusion*

{¶23} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of Union County Court of Common Pleas are affirmed.

*Judgments Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/hls**