**[Cite as *State v. Kelley*, 2021-Ohio-1862.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

        CASE NO. 5-20-33

    PLAINTIFF-APPELLEE,

    v.

JACOB A. KELLEY,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2020 CR 98

Judgment Affirmed

Date of Decision: June 1, 2021

APPEARANCES:

    *Michael H. Stahl* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Jacob A. Kelley ("Kelley") brings this appeal from the judgment of the Court of Common Pleas of Hancock County finding him guilty of one count of escape and one count of failure to verify his address and imposing sentence. On appeal, Kelley claims that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

*Factual and Procedural Background*

{¶2} On March 17, 2020, the Hancock County Grand jury indicted Kelley on one count of escape and one count of failure to periodically verify his current address. Doc. 1. On August 10, 2020, Kelley entered pleas of guilty to the amended indictment and was informed that as to count 1, a felony of the fifth degree, the maximum sentence was 12 months in prison, and as to count 2, a felony of the fourth degree, the maximum sentence was 18 months in prison. Doc. 13. On August 29, 2020, the trial court entered judgment accepting the change of plea and ordering a presentence investigation ("PSI"). Doc. 15. A sentencing hearing was held on October 1, 2020. Doc. 16. The trial court ordered Kelley to serve a prison term of 10 months as to Count 1 and 17 months as to count 2, with the terms to be served concurrently. Doc. 16. Additionally, the trial court terminated Kelley's PRC supervision and ordered him to serve his remaining 1,166 days in prison as a judicial sanction, consecutive to the new sentences. Doc. 16. Kelley filed a timely notice

of appeal from this judgment. Doc. 23. On appeal, Kelley raises the following assignments of error.

**First Assignment of Error**

**[Kelley] entered a plea of guilty without the effective assistance of counsel as required by the United States and Ohio Constitutions where there is no statutory requirement for a homeless person to appear in person daily at the Sheriff's office to register under R.C. 2950.05 or 2950.06 and as such, his plea was not knowing, voluntary and intelligent.**

**Second Assignment of Error**

**[Kelley] was not afforded effective assistance of counsel during sentencing when, despite the trial court's obvious willingness to entertain mitigation, failed to inform the court that [Kelley's] failure to daily report to the Sheriff's Department was not a violation of his tier II sex offender registration requirements.**

*Ineffective Assistance of Counsel*

**{¶3}** As both assignments of error claim that Kelley was denied the effective assistance of counsel, the legal standard of review for both are the same.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d**

> **623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.** *See Vaughn v. Maxwell* **(1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164;** *State v. Jackson***, 64 Ohio St.2d [107] at 110–111, 18 O.O.3d [348] at 351, 413 N.E.2d [819] at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20 (3d Dist.). "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180 quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶4} Kelley argues in his first assignment of error that his counsel erred by advising him to plead guilty without telling him that he had no duty to register his address with the Hancock County Sheriff's Office daily. Pursuant to R.C. 2950.06(B)(2), tier II sex offenders are required to verify their addresses every 180

days. The statute sets the frequency of residence verification.[1] R.C. 2950.06(A). As a person without a fixed address, Kelley was required to provide notice to the sheriff with a detailed description of places the defendant intended to stay until a fixed address was available. R.C. 2950.05(A). These descriptions would then be considered his "residence" for registration purposes. R.C. 2950.05(A).

{¶5} In the PSI, Kelley indicated that he notified the Sheriff that he was homeless on November 20, 2019. However, Kelley apparently did not provide the Sheriff with detailed descriptions of places where he intended to stay, instead giving no information. The failure to provide this information was a violation of the requirements set forth in R.C. 2950.05 and 2950.06. Thus even if failing to contact the Sheriff daily was not a violation of 2950.06(F), Kelley's failure to provide the required information to the Sheriff when notifying that office of his new status as homeless was a violation of the statute. Kelley's counsel was not ineffective by failing to advise him that the failure to report daily to the Sheriff's office was not, in and of itself, the basis for a violation of R.C. 2950.06(F) as set forth in Count II of the indictment. The first assignment of error is overruled.

{¶6} In the second assignment of error, Kelley claims that his counsel was ineffective for failing to advise the trial court that Kelley's failure to report daily to

---

[1] This Court notes that the Hancock County Sheriff's Office has apparently set forth a requirement that homeless registrants report to the Sheriff's Office daily. Failure to do so would not necessarily be a violation of R.C. 2950.06 as that time frame is not set forth in the statute. However, we need not address whether the policy is permissible to resolve this appeal.

the Sheriff's Department was not a violation of R.C. 2950.06. A trial judge is presumed to know the law. *See State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, ¶ 57, 779 N.E.2d 1017 and *State v. Bickley*, 3d Dist. Union Nos. 14-18-05, 14-18-06, 2019-Ohio-16, ¶ 18. Defense counsel's alleged failure to raise the issue before the trial court is not prejudicial because the trial court can read the statute itself and is presumed to have done so. Any failure by defense counsel in this circumstance would be resolved by the trial court's own knowledge. Defense counsel did present an argument in mitigation and the trial court noted that it was somewhat persuasive. The trial court then imposed an aggregate prison term lower than that recommended by either the PSI or by the State. This Court finds that any alleged error in failing to raise this matter to the trial court was not prejudicial and thus does not rise to the level of ineffective assistance of counsel. The second assignment of error is overruled.

{¶7} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Hancock County is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**